18  443
77  97

## JOSEPH E. CRISWELL v. CHARLES RAGSDALE AND OTHERS.

There can be no rule of law more firmly established, than that the execution must be authorized by, and conform to, the judgment. If there be no judgment for costs, there can be no execution for them, unless the execution be founded on some positive provision of Statute, superseding the general rule.

But the reverse is the fact in this instance. The Statute supports the general rule. The Act of 1840, under which this execution issued, in its first Section, required the Clerk " to tax the costs incurred by the successful party, and for which judgment shall be rendered," and issue execution.

A Sheriff's sale under an execution for costs in 1840, where there was no judgment for costs to support the execution, was held to be null and void.

Appeal from Fayette. Tried below before the Hon. James H. Bell.

The facts are stated in the Opinion, except that the plaintiff filed an amendment, claiming damages for cutting and carrying away timber off the land in controversy. To this amendment defendants excepted on the ground of misjoinder of actions. The exception was overruled, and appellees assigned it for error.

*Fred. Tate*, for appellant, cited Sections 29 and 30 of the Act of 1840, to regulate the proceedings in civil suits, (Laws 4th Congress, p. 92,) in connection with Art. 1288, Hart. Dig., and argued that taken *in pari materia*, the proper construction was that in all cases at law, except motions, execution for costs was issuable in favor of the successful party in the judgment, whether the costs were mentioned in the judgment or not.

*A. R. Gates* and *W. R. Jarmon*, for appellees, cited Williams v. Peyton, 4 Wheat. R. 79 ; Howard v. North, 5 Tex.

R. 311, and authorities there cited ; Scott v. Burton, 6 Id. 322 ; Mitchell v. Sipe, 8·Yerg. 179 ; Darby v. Russell, 5 Hayw. 139 ; Barry v. Rhea. 1 Tenn, 345 ; 1 Yerg. 83 ; 13 Mass. 483 ; 4 Cr. 269 ; McGowen v. Hay, 5 Litt. 239 : 1 Mon. 154 ; Stephens v. Robertson, 3 Mon. 99 ; Riggs v. Dooly, 7 B. Mon. 238 ; Hart. Dig. Act. 1288. The costs in this class of cases particularly, was a matter for the Court to determine. The appellees have assigned for error, the overruling of the exception to the amendment of the petition. The action of trespass to try title is an anomaly in our practice, as has been said by this Court ; and other causes of action cannot be joined with it.

HEMPHILL, CH. J. This was an action of trespass to try title ; and the plaintiff, in support of his title, offered to read in evidence an execution for costs, in which Gustavus E. Edwards was plaintiff, and Isaac Vandorn, tutor and guardian for the minor heirs of Benj. Green, deceased, was defendant ; but an objection was made and sustained to the admission of the execution in evidence, on the ground that there was no judgment upon which such execution could issue.

Edwards had sued Vandorn, tutor, &c., for partition of a league of land granted to Benjamin Green, deceased. Partition was decreed in April, 1840. Commissioners were appointed to make the division and ordered to report at the next Term. There was no judgment for costs. Nothing was said of the costs in the judgment. In September, 1840, the Clerk issued the execution in question for costs, and we are to consider whether there was error, in refusing to admit it as evidence.

In deraigning title under Sheriff's sale, the purchaser must produce not only the execution, but also the judgment, to show that th re was authority for the execution, and that the proceedings, from the judgment down, may furnish a complete muniment of title. The counsel for appellees has cited an ar-

ray of authorities in recognition of the rule. (5 Tex. R, 311, 312 ; Cowen & Hill's Notes, vol. 4, p. 1079–1081.)

There can be no rule of law more firmly established, than that the execution must be authorized by, and must conform to, the judgment. If there be no judgment for costs, there can be no execution for them, unless the execution be founded on some positive provision of Statute, superceding the general rule. But the reverse is the fact in this instance. The Statute supports the general rule. The Act of 1840, under which this execution issued, in its first Section, required the Clerk to tax the costs incurred by the successful party, and for which judgment shall be rendered, and issue execution. (Hart. Dig. Art. 1288.) There was a similar provision in the first Section of the Execution Act of the previous year, (Id. Art. 1271,) authorizing Clerks to tax the costs for which judgment is rendered.

Under the Act of 1840, by express provision, the Clerk was authorized to issue execution for costs, for which judgment was rendered ; thus, in effect, negativing his authority to issue execution for costs where there was no judgment.

But the point is too plain to admit of argument or require illustration. There was no judgment for costs ; and as the executory proceedings were not concluded, it could not be known but that the costs, or some of them, might be apportioned among the parties. But, at all events, as there was no judgment, the execution was without the authority of law, and there was no error in its rejection as evidence.

The assignment by the appellees brings up a question as to the misjoinder of actions or causes of action. The point is interesting, but as the judgment for the appellees will be affirmed, it need not be considered.

Judgment affirmed.