WILLIAM PERDEW v. WILLIAM DAVIS.

In a divorce suit the service was by publication. The return of the sheriff did not show that the citation was published four successive weeks. But the court took jurisdiction, tried the case, granted the divorce, and rendered a judgment for costs. On this judgment the land in controversy was sold, and the defendant derived that title. Six years afterwards the court allowed the sheriff to amend his return, and five years later the court dismissed the divorce suit: *Held*, that the divorce judgment was void, and the sheriff's sale gave no title.

APPEAL from Collin. The case was tried before Hon. W. T. G. WEAVER, one of the district judges.

This suit was brought by the appellee, plaintiff in the court below, to recover a tract of fifteen acres of land, which was a part of the augmentation of two-thirds of a league patented to the appellee.

The defendant in the court below claimed the land in controversy by virtue of the judgment rendered in the

case of Margaret Davis v. William Davis, on the 13th day of April, 1855, and levy and sale and sheriff's deed thereunder, and by a chain of transfer from the sheriff's deed to himself. The plaintiff in the court below proved his patent.

The defendant offered in evidence a copy of the decree of divorce of the district court of Collin county, rendered on the 13th day of April, 1855, to which objection was made, on the ground that the judgment was void, (it was for divorce and costs,) as the court rendering the same had no jurisdiction over the person of William Davis. Plaintiff, to sustain the objection, offered for the inspection of the court the citation in the case of Margaret Davis v. William Davis, with the sheriff's return thereon; and also a return purporting to have been made on the 1st day of October, 1854. The objection of the plaintiff below was overruled. The defendant then offered in evidence the execution issued upon said judgment and the levy and sale of the land, the original return of the sheriff on the same, and the amended return made on the 8th day of October, 1867; to all of which the plaintiff objected, on the ground that the original return was insufficient, and that the amended return interfered with vested rights, and because said Lovejoy was not at the time of making the amended return sheriff of Collin county; which objections were overruled by the court. The defendant then read to the jury the deed of J. H. Lovejoy, sheriff, to David Stiff. The plaintiff below offered in rebuttal the original citation in the case of Margaret Davis v. William Davis and the sheriff's return on the same dated August 21, 1854, and, for the purpose of showing that the return purporting to have been made on the 1st day of October, 1854, was not at that time made, but was made as an amendment on the 6th day of February, 1861; read in evidence the motion urged by John C. Easton, attorney in the case of Margaret Davis v. William Davis, filed on the 5th day of February, 1861,

and also the judgment of the court upon the said motion, granting the sheriff leave to amend his return on the 6th day of same month.   It was also admitted by defendant that the return dated the 1st day of October, 1854, was made on the 6th day of February, 1861.   Plaintiff then offered the judgment of the court in the case of Margaret Davis v. William Davis, rendered on the 15th day of August, 1866, dismissing said case.

The writ in Davis v. Davis was good in form.   The first return of service offered to show the number of insertions. The amendment made the service good in form.   The real question was, was the judgment for costs in the divorce suit good?

*Alexander Berry*, for appellant, argued some questions of practice, which were immaterial in the view taken by the court.   He also urged that the amended return was good, and that amendment could not be disproved by showing extraneous facts.   He also urged that a defective service was not subject to collateral attack after a sale under execution;   that such a judgment was not void, but voidable.

*Throckmorton & Brown*, for appellee.—I. It is contended in this case by appellee that the court had no jurisdiction in the case of Margaret Davis v. William Davis until the defendant in that suit had been properly served with process in the manner authorized by law, and the judgment which it rendered was an absolute nullity, William Davis, the defendant, not having been served with process.   (O. & W. Dig., Art. 418.)   Nor would the sheriff's return on the citation, had it been a valid one, have been sufficient to have given the court jurisdiction over the person of William Davis for any purpose whatever.   (Roberts v. Stocklager, 4 Tex., 307.) The citation was issued by the clerk on the 19th of August, 1854, and the return of the sheriff is made on the 21st of same month, only allowing two days from the issuing of

the citation until it purports to have been served by the sheriff. It could not possibly then have been served by publication of the citation "for four successive weeks previous to the return day of such process," as required by the statute, (O. & W. Dig., Arts. 416, 417, 418,) even if the return had been, in point of form, in strict conformity with the requirements of the statute.

II. The return of the sheriff should show affirmatively that the requirements of the statute had been strictly complied with, and nothing must be left to inference. (Underhill v. Lockett, 2 Tex., 131; Stephens v. Price, 16 Tex., 573; McCoy v. Crawford, 9 Tex. 356.)

MORRILL, C. J.—Both parties claimed under the same grant to Davis, and Perdew claimed by sheriff's deed, based on a judgment entitled Davis v. Davis.

It seems that after the judgment of Davis v. Davis was rendered, being 13th April, 1855, it was discovered that the service was defective, whereupon, at a court held in February, 1861, being six years after the case had been decided and gone off the docket, on motion, the court ordered the sheriff to amend his return, which was done. On the 15th day of August, 1866, being five years after the amendment of the return and eleven years after the judgment rendered, there was a second judgment rendered, dismissing the suit of Davis v. Davis, at the cost of plaintiff.

Such proceedings might excite some risibility were it not of so grave and serious a character. The service, as it appeared in the case at the time of the rendition of the judgment, was, if legal, (being by publication,) constructive only. If not legal it would be a nullity, and a judgment rendered without notice is void. After the court had rendered the judgment, and the term of the court had passed, it had no further jurisdiction thereof, except what related to the final process on the judgment. But as all

final process based on this void judgment was equally void, the purchaser, at a sale on execution, got nothing but a void title. The judgment is

AFFIRMED.