## SUSAN NICHOLS v. H. J. SNOW.

1. PRACTICE.—In proceedings for injunction, the plaintiff cannot open up a judgment rendered more than two years previous by setting up a new cause of action.

2. JURISDICTION.—The act organizing the County Courts limited their jurisdiction, as to the amount in controversy, to sums not exceeding five hundred dollars, exclusive of interest, (Pas. Dig., art. 6068;) and where three separate suits had been commenced between the same parties, each for less than five hundred dollars, and the counter claims for payments having been referred to arbitrators, who found

$885.21 remaining due on the three suits : *Held*, no error to divide the finding in three sums, and enter thereon judgment in each case, the parties consenting thereto.

APPEAL from Kaufman.   Tried below before the Hon. A. J. Fowler.

*J. J. Hill*, for appellant.

*Richard F. Slaughter*, for appellee.

DEVINE, ASSOCIATE JUSTICE. —Appellant assigns as grounds of revision the following alleged errors:

"1st. The court erred in sustaining the demurrer of the defendant to plaintiff's amended petition.

" 2d. The court erred in overruling the demurrer of the plaintiff to the answer of the defendant, filed October 13, 1871."

The appellant obtained an injunction on the 20th of May, 1869, restraining the sheriff from selling a tract and several lots of land which he had levied on and advertised for sale, by virtue of three executions issued on three several judgments on the 14th, 26th, and 29th of April, 1869. The petition alleged that the judgments were rendered in the County Court of Kaufman county in June, 1867; that more than a year had elapsed from the date of the judgments to the issuing of the executions ; that the judgments were dormant, and that the lots levied on and advertised for sale were a portion of her homestead, with a prayer that appellee be cited, &c.

The defendant excepted; denied all the charges set forth in plaintiff's petition, and averred that the judgments were rendered on notes given for the purchase money of the land claimed as the homestead of plaintiff. He propounded interrogatories to plaintiff, and asked that, in the event of the judgments being declared dormant, the land be declared liable for the vendor's lien, and he have a decree ordering the sale of the land to satisfy the same.

On the 11th of October, 1871, the defendant, by leave of the court, withdrew so much of his original answer as sought to enforce or set up any claim to a vendor's lien, or sought a discovery from plaintiff, and at the same time filed exceptions to the amended petition of plaintiff. On the same day the parties announced ready for trial, and the court rendered a judgment perpetually enjoining the sheriff and defendant, Snow, from levying and selling the homestead, or any portion of the same, in satisfaction of the judgments referred to in plaintiff's petition. The cause was then continued, after plaintiff again had leave to amend. Various amendments were made by plaintiff and defendant, plaintiff alleging that the judgments obtained in the County Court against him in June, 1867, were obtained by the intimidation of the persons selected to examine the mutual claims of herself and defendant; that this intimidation was the result of the influence and threats of defendant; that a portion of the claims had been previously paid, and the remainder of defendant's claim was not due; that the County Court had no jurisdiction, and praying for a trial *de novo.* The defendant denied the charges of plaintiff, and, at great length, gave a history of the claims which he held against plaintiff, and which were embraced in the judgments rendered in his favor in the County Court in June, 1867. The amended answers of defendant were, as the pleadings of plaintiff, verified by affidavit.

During the September term, 1873, the court rendered a judgment overruling plaintiff's demurrer to defendant's amended answers, and sustaining the demurrers of the defendant to the amended petitions of plaintiff; and, after reciting the order perpetuating the injunction, decreed all costs arising out of the proceeding with reference to the injunction in favor of plaintiff, and decreeing all the remaining costs, or those accruing on the new cause of action set up by plaintiff, in favor of defendant.

We do not find any error in the action of the court overruling plaintiff's demurrer to defendant's amended answers, or in sustaining the demurrers of defendant to plaintiff's amended petitions.

The plaintiff, in her original petition, claimed that a portion of the property levied on was her homestead, and that the judgments were dormant. The injunction was perpetuated, and the plaintiff, by amended petition, in October, 1870, set up a new cause of action, and sought to open judgments rendered against her more than two years before, the exhibits showing her to be a party to the proceedings personally, and likewise represented by counsel. That appellant's claim, in the settlement by the so-called arbitration, may have been overlooked or under-estimated, is more than probable.

The District Court was, however, open to her, and she might have availed herself of the relief which it would have afforded her, had she sought it within the time prescribed by law. The facts stated in her amended pleadings might have been available in another mode of proceeding, but do not authorize an inquiry into those proceedings in the County Court in the present suit. It is, however, contended by appellant that the judgments are void by reason of want of jurisdiction in the County Court, and in support of this our attention is called to the fact that the arbitrators made their award to the Court, showing plaintiff to be indebted to defendant $858.21, and, therefore, it was an amount exceeding the jurisdiction of the County Court. The act organizing the County Courts limited their jurisdiction as to the amount in controversy to a sum not exceeding five hundred dollars, exclusive of interest, (Pas. Dig., art. 6068.) The defendant had commenced in the County Court three suits against appellant, at the April term, 1867, on two notes and an account, the first one for $296, dated August 11, 1860, the other on a note for $300, dated August 11, 1860, the first note bearing ten per

cent. interest from date, the second silent as to interest, and payable the 1st day of January, 1862. The third suit was on an account chiefly for medical services and prescriptions, the account alleged to be due and payable on the 3d day of November, 1864, and amounting to four hundred and seventy-three dollars, ($473.75.) These amounts, with the accruing interest up to the 1st of June, 1867, would have amounted to over fourteen hundred and eighty dollars. The persons selected by the plaintiff in person, and the defendant, examined all the claims growing out of payments made by plaintiff to defendant, and taking into their consideration a note for $1,626 belonging to the estate of Richard Temple deceased, in which plaintiff and other parties were part owners, and defendant was payee, and after examination returned a statement in pencil that plaintiff was indebted to defendant in the sum of eight hundred and eighty-five dollars, ($885.21,) upon which the court, by agreement of parties, entered up in each of the three suits judgment in favor of appellee for $294.07.

The memorandum presented by the three persons called arbitrators was made up of the two notes and the account embraced in the three suits pending in the County Court, and their accrued interest, with the credits of various payments by the appellant, as also the crediting her in part with a portion of the note given by appellee to the estate of Temple for $1,626, rated in Confederate money at $861.78, in which appellant with other parties claimed an interest. So far, then, from the note for $1,626 (acted on by the so-styled arbitrators) making the debts sued on beyond the jurisdiction of the County Court, it merely, in connection with other credits, reduced plaintiff's claims nearly one-half, while the debts sued on, as already shown, were greatly below the amounts in which the court could have entertained jurisdiction. The amounts were entered by agreement of parties, and the court did not err in sustaining defendant's exceptions on demurrer to plaintiffs' amended

petitions. There was, therefore, no error in overruling plaintiffs' exceptions to the defendant's amended answer.

AFFIRMED.