## H. J. SNOW *v.* H. T. NASH.

1. JUDGMENT LIEN LOST WHEN JUDGMENT DORMANT. — Judgment was rendered June, 1867; execution thereon issued April, 1869: *Held,* That the judgment lien was lost, execution not having been issued within one year from date of the judgment.
2. PRACTICE.—An *alias* execution should show on its face that it is an *alias.*
3. LEVY OF EXECUTION ISSUED ON DORMANT JUDGMENT.—The defendant in an execution issued upon a dormant judgment sued out an injunction against the execution, and, by decree, the execution was perpetually enjoined: *Held,* That thereby a levy of said execution became ineffectual, so far as to attach a lien upon the property so levied on.
4. FRAUD.—See facts held insufficient evidence of a fraudulent sale of land.

APPEAL from Kaufman. Tried below before the Hon. William Charlton, special judge.

This was a suit of trespass to try title, brought by Nash against Snow, in the District Court of Kaufman county. The

defendant pleaded not guilty, and, by way of cross-action, set up the fact that he was the owner of the land in controversy; that the paramount title was in him. He also described the land in his amended original answer, and alleged that on May 29, 1875, he was evicted by plaintiff from said premises; that on the 3d of June, 1867, Susan Nichols was the owner of the land in controversy; that on the 3d of June, 1867, the defendant Snow obtained three judgments against the said Susan Nichols, for the sum of $297.07, in the County Court of Kaufman county; that while these judgments were in force the said Susan Nichols—to hinder, defraud, and delay her creditor (Snow) out of his debt—on the 7th of April, 1871, transferred said land in controversy to one H. B. Boykin; that on the said 3d of June, 1867, and at the time of the transfer by her to said Boykin, she was insolvent, and had no property to satisfy said judgments, except the land in controversy; that her insolvency was well known to the said Boykin at the time he purchased the land; that the consideration was never paid by Boykin to her; that he (Boykin) confederated with her to defraud defendant Snow out of his debt; that the said sale to Boykin was null and void; that Boykin, on the 14th of October, 1872, transferred the same land to the plaintiff Nash; that at the time of the rendition of said judgments, down to the present time, the plaintiff Nash resided in the community with said Susan Nichols; that her insolvency and the rendition of said judgments and their subsistence were generally known to her neighbors and the community at large, and were personally known to the plaintiff Nash at the time of the sale by Mrs. Nichols to Boykin, and when Boykin transferred the land to Nash; that the plaintiff Nash was cognizant of all these facts, which were fraudulent, and knew that Boykin paid nothing for the land; that the sale from Boykin to Nash was in fraud of defendant Snow's rights, and null and void; that, by virtue of said judgments against Susan Nichols, defendant had a lien upon said land sued for by plaintiff Nash,

and that said lien was in full force at the time of the sale from Susan Nichols to Boykin, and at the time of the sale from Boykin to Nash; that on the 19th of April, 1869, the defendant Snow caused execution to be issued on one of said judgments, and by virtue thereof a levy was made upon the land in controversy; that on the — of June, 1869, said execution and levy thereunder were duly restrained by injunction in a suit instituted by Susan Nichols; that said injunction was in force until the 15th of March, 1875; that when Boykin and Nash both purchased, a lien existed in favor of defendant Snow upon the land in controversy, to secure the payment of said judgments, both by virtue of said judgments and a levy of said execution, all of which was well known by plaintiff Nash when he purchased; that by virtue of said judgments an execution was issued on the 20th of March, 1875, and levied on the land in controversy as the property of Susan Nichols; that by said execution, levy, and return said land was sold to defendant Snow; that by virtue of said execution, levy, judgments, levies, and sale he became the legal and equitable owner of said land in controversy; that plaintiff's deed is a cloud upon his (defendant's) title. He asks judgment removing said cloud from said land; that plaintiff's title be cancelled, and judgment for costs, &c.

The specific allegations of fact made in the special answer of defendant were supported by the testimony.

It was proven, however, that Nash had paid Boykin for the land, and that it had been offered to Snow at $1 per acre on his judgment before Mrs. Nichols sold it. There was no fraud proven, except as to the effect of the facts. The court rendered judgment for plaintiff, and Snow appealed.

*J. S. Woods,* for appellant.

I. The first assignment of error is as follows: The appellant assigns as error for revision by the Supreme Court that the judgment herein is erroneous because it appears that the defendant had a valid subsisting lien upon the land in contro-

versy, by virtue of his judgment against Susan Nichols, at the time plaintiff purchased it from Boykin.

The defendant Snow had a lien upon the land in controversy, by virtue of his judgment and the issuance of execution and a levy of the same upon said land, at the time plaintiff Nash purchased it, on the 14th of October, 1872. (29 Tex., 224; 40 Tex., 157, 158; Herm. on Ex., sec. 173, p. 246; Trevino *v.* Stillman, 48 Tex., 561; Williams *v.* Cowan, 49 Tex., 380; 24 Tex., 522; 42 Tex., 508, 513; 32 Tex., 21; 40 Tex., 175; 23 Tex., 508; 53 Ill., 214; 31 Ala., 146; 4 Ind., 255; 23 Penn., 215.)

II. It does not appear that the execution which issued on the 19th of April, 1869, was the first execution that issued from said judgment in favor of H. J. Snow and against Susan Nichols.

It devolved upon the plaintiff Nash in this suit to show that the execution that issued on the 19th of April, 1869, was the first execution that did issue on the County Court judgment of the 3d of June, 1867. (Trevino *v.* Stillman, 48 Tex., 561; Paschal's Dig., art. 3772; O. & W., art. 856; Herm. on Ex., sec. 79.)

III. The judgment in this case for plaintiff Nash is against a strong and legal presumption in law that defendant Snow held a valid subsisting judgment lien upon the land in controversy at the time Susan Nichols sold to Boykin; and at the time, by agreement between Susan Nichols, Boykin, and Nash, the land in controversy was transferred by Boykin to Nash; and at the time the land in controversy was finally deeded by the sheriff, in 1875, to defendant Snow.

Everything is presumed in favor of the regularity of judicial proceedings, and that a judgment rendered in a court of record carries a lien with it for ten years from the date of its rendition. (Paschal's Dig., art. 3772; O. & W. Dig., art. 856; Herm. on Ex., secs. 79, 345, pp. 69, 520; 7 Tex., 433; 11 Tex., 220; 17 Tex., 115; 18 Tex., 132; Story's Eq. Plead., sec. 409; 22 Tex., 62; 1 Tex., 326; 36 Tex., 176, 177.)

IV. The judgment herein is erroneous, because the evidence adduced upon the trial of this cause, and admitted by the court, puts the superior title to the land in controversy in defendant Snow.

V. In a civil cause, when the trial is before the court alone, the finding must be in harmony with the preponderance of testimony. (23 Tex., 77; 30 Tex., 373; 19 Tex., 175; 3 Greenl. Ev., sec. 29.)

VI. The judgment is erroneous, because the evidence shows that the transfer from Susan Nichols to Boykin and from Boykin to Nash of the land in controversy was a fraudulent transfer, and done to defeat defendant Snow out of his rights as a judgment creditor against Susan Nichols.

A sale made to defeat creditors, whether their judgments are dormant or not, will not be sustained and protected by the courts. (Paschal's Dig., art. 3876; 16 Tex., 43; 1 Tex., 419; 11 Tex., 155; 10 Tex., 435; 24 Tex., 508, 514, 518; 27 Tex., 479; 25 Tex., 294.)

VII. The levy of an execution upon property of a judgment debtor creates an execution lien in favor of the judgment creditor. (Herm. on Ex., sec. 173, pp. 246, 265.)

VIII. The execution under which the land in controversy was sold, which was issued on the 20th of March, 1875, served the measure only of a *venditioni exponas*. (20 Wis., 657; 7 Ark., 493; Herm. on Ex., sec. 35, pp. 26, 331, 332, 333.)

IX. The judgment is erroneous, because the presumption of law is that the clerk of the County Court, in 1868 and 1869, did his duty, and issued execution on said judgment, in favor of Snow against Susan Nichols, at the time required by law, and within one year from the day said judgments were rendered, and it devolves upon plaintiff Nash in this suit to rebut that presumption by strong and conclusive proof.

A duty required of an officer by law, in the absence of proof to the contrary, is presumed to have been performed as the law directed. (O. & W. Dig., art. 856; Paschal's Dig., art.

3772; 1 Greenl. on Ev., secs. 40, 227, pp. 50, 288–289, 4th ed.; 26 Tex., 236.)

*J. J. Hill*, for appellee.—The theory of the defense of Snow, or, I might say, the cause of action set forth in his cross-bill, rested on two grounds—

1. That he had a judgment lien on the land in controversy.

2. That the conveyances of Susan Nichols to Boykin and of Boykin to Nash were fraudulent as to Snow.

The plaintiff replied by general demurrer and general denial, and upon issues of fact thus raised by plaintiff's general denial the case came on for trial, at the spring term of the Kaufman court, 1878, before a special judge, and resulted in favor of the plaintiff Nash.

The defendant moved for a new trial, which was overruled; but there is no assignment of error in regard thereto.

The judgment of the court, styled "order in transcript," is, perhaps, defective, in not more clearly indicating the finding of the court on the facts.

The defendant gave notice of appeal to this court, and in due time filed his appeal bond, but did not assign errors until September 4, 1878.

I. The judgment was rendered June 3, 1867; the first execution was issued April 19, 1869. (Paschal's Dig., art. 7005; Jones v. McMahan, 30 Tex., 719; Phillips v. Lesser, 32 Tex., 741; Sessums v. Botts, 34 Tex., 335; Johnston v. Shaw, 33 Tex., 585; Cravans v. Wilson, 35 Tex., 52; Ayers v. Waul, 44 Tex., 549; Russell v. McCampbell, 29 Tex., 31; Hargrove v. De Lisle, 32 Tex., 170.)

II. It was the first execution, and this is apparent from the whole record, and it is trifling with this court to maintain that it was not.

The defendant first read in evidence the judgment. He next read the execution of April 19, 1869. Mrs. Nichols enjoined this execution because it was the first one issued.

It did not devolve on Nash to show that it was the first

execution. In proving title by execution it devolved on Snow to show a valid living judgment.

III. Whether or not Snow had a judgment lien on the land, is a matter of law, not to be determined by presumption.

A judgment is a lien on land, &c., for ten years, provided execution is issued within one year from the first day upon which such execution can by law be issued thereon. (Paschal's Dig., arts. 7005, 7007.) ·

IV. Susan Nichols had the right to sell the land in controversy, there being no lien on it; and in order to defeat her conveyance, it is not only necessary that it be fraudulent, but that Nash, a *bona-fide* purchaser for a valuable consideration, be a party to the fraud. (Russell *v.* McCampbell, 29 Tex., 31; Pierson *v.* Tom, 1 Tex., 584; Belt *v.* Raguet, 27 Tex., 479.)

V. The levy of an execution issued upon a dormant judgment can produce no execution lien.

VI. It did not purport to be a *venditioni exponas*. There could be no *venditioni exponas* on execution issued on a dormant judgment.

There were six years between the first and second executions. There was no injunction suit pending after October 11, 1871. The matter of injunction was put at an end in 1871. The suit was continued over on an amended petition, which sought to set aside the judgment of the County Court. (See Nichols *v.* Snow, 42 Tex., 72.) The amended petition had nothing to do with the injunction proceedings.

GOULD, ASSOCIATE JUSTICE.—In June, 1867, appellant · Snow recovered in the County Court of Kaufman county three judgments against Susan Nichols. On these judgments execution issued April 19, 1869,—was levied upon the land in controversy, but the sale was enjoined, at the suit of Mrs. Nichols, on the ground that the property levied on was her homestead, and that the judgment was dormant. This in-

junction was afterwards made perpetual. For the history of that suit, see Nichols *v.* Snow, 42 Tex., 72. After that case was finally disposed of in this court, Snow, in 1875, sued out another execution on his judgments, and at a sale thereunder became the purchaser of the two hundred and fifteen acres of land in controversy. In the meantime, Mrs. Nichols, in April, 1871, sold and conveyed the land to Boykin; and in October, 1872, Boykin sold and conveyed to appellee Nash. Nash sued for and recovered the land of Snow, and Snow appeals.

Counsel for appellant has presented various propositions under the assignments of error; but the case may be disposed of by answering two questions, embracing his first proposition under his first assignment of error and his fifth assignment of error.

First. Had Snow a lien upon the land in controversy by virtue of his judgment and the issuance of execution, and his levy of the same upon said land, at the time plaintiff Nash purchased it?

Second. Was the sale by Mrs. Nichols fraudulent as to Snow, and did Nash buy with notice of the fraud?

The record contains no evidence of any execution on the judgments prior to that of April 19, 1869. There is nothing in the record from which that execution can be inferred to be, on its face, or in fact, an *alias*, and not an original. See Scott & Rose *v.* Allen, 1 Tex., 515, to the effect that, regularly, the execution should show the fact if it be an *alias*. On the other hand, throughout the injunction suit that execution was treated as the first, and as it must have been so regarded by the court on the trial of this cause, when it would be reasonable to suppose that the truth, if different, could have been easily established from the records of the County Court. We conclude that it was original. Under numerous decisions, the judgment was dormant and had lost its lien. (Sessums *v.* Botts, 34 Tex., 335; Cravans *v.* Wilson, 35 Tex., 52.)

The levy of the execution irregularly issued on this dor-

mant judgment was not submitted to by Mrs. Nichols, but, at her suit, the sale was enjoined and the injunction was made perpetual. There was, then, no lien by virtue of that levy. We think it quite clear that Snow had no lien on the land when Nash purchased.

In regard to the question of fraud, it was, under the evidence, a question of fact. We have examined the evidence, and find no such manifest error in the conclusion reached by the court on that issue of fact, as would justify us in reversing the judgment on that ground.

The judgment is affirmed.

AFFIRMED.