[Opinion delivered February 27, 1884.]

---

## W. S. HART ET AL. v. R. R. McDADE.

(Case No. 1793.)

1. JUDGMENT — EXECUTION — SALE.— An execution issued in 1881, under which property was levied on and sold as the property of the judgment debtor, recited the rendition of a judgment on April 12, 1867, in favor of G. against S. C. and H., "executors of the will" of the judgment debtor, and commanded the sheriff to make the money out of the property of those who were styled executors. *Held:*

(1) The judgment did not support the execution, since it did not refer to that judgment as the authority for its issuance.

(2) If the judgment debtor was in fact dead, and the judgment against him had been revived against S. C. and H., as executors of his will, such judgment should have been shown.

(3) Even if such revived judgment had been shown, it would not have authorized the issuance of execution against the property of the deceased in the hands of executors, unless it was further shown that this was authorized by the judgment of revivor, or that, under the terms of the will, the executors were authorized to administer the estate free from the control of the probate court.

(4) But if all these things had been shown, the sale of the property of the deceased would have passed no title, for the execution did not direct its seizure or sale, but that of the executors.

2. INNOCENT PURCHASER.— One who purchases under an execution issued on an original judgment, so old as on its face to be barred, and who, upon inquiry properly directed, would have discovered that the judgment had been discharged in bankruptcy, could acquire no title as against a former purchaser of whose interest he had no actual notice.

APPEAL from Brazoria.  Tried below before the Hon. Wm. H. Burkhart.

McDade brought suit in trespass to try title against W. S. Hart, W. Z. Weems and Horace E. Kelley.  Answer by general demurrer, general denial, plea of not guilty, and specially that they were purchasers in good faith, for adequate consideration, and without notice of plaintiff's adverse claim, from R. A. Shapard, "who held a recorded deed to the land under J. H. Herndon, original grantee thereof, for a valuable consideration."

Plaintiff, in a supplemental petition, admitted the warranty deed from R. A. Shapard to defendants, and averred that Shapard's title was derived from J. H. Herndon by virtue of a sale by the sheriff of Brazoria county, under an execution issued on a judgment rendered by the district court of Brazoria county, on the 12th day of April, 1867, in favor of E. Gass *et al.* against J. H. Herndon *et al.*, for the sum of $1,109.33.  Sale was made on the first Tuesday in August, 1881.

The supplemental petition further pleaded the discharge in bankruptcy of J. H. Herndon on the 23d day of November, 1869, and that the judgment in favor of Gass was a debt provable in bankruptcy and was returned by Herndon in his schedule of liabilities in the bankrupt court.

Plaintiff deraigned his own title from J. H. Herndon, but did not specifically set forth the muniments, their date, or date of registration.

He prayed for a cancellation of the sheriff's sale and of the deed from R. A. Shapard to the defendants.

Defendants excepted to the supplemental petition because "the matters and things alleged in said supplemental petition are irrelevant."  The court overruled this exception and the cause was submitted to the court without a jury.  Judgment for the plaintiff for the land, removing the cloud cast upon his title by the deed from R. A. Shapard to defendants, and from the sheriff of Brazoria county to said Shapard, and said deeds are declared to be canceled.

Plaintiff offered in evidence:

1. A deed from J. H. Herndon to W. P. Cole, dated June 18,

1877, filed for record in the county clerk's office of Brazoria county, October 27, 1883.

2. A deed from W. P. Cole to R. R. McDade, the plaintiff, dated January 10, 1878, filed for record in the office of county clerk of Brazoria county, October 20, 1883.

3. A copy of J. H. Herndon's petition in bankruptcy, an extract from his schedule of liabilities, filed in the bankrupt court, showing the judgment in favor of E. Gass *et al.*, and his discharge in bankruptcy, dated the 23d day of November, 1869.

There was no record in Brazoria county of Herndon's discharge in bankruptcy.

Defendants' title was supported by the judgment in favor of Gass against Herndon, dated April 12, 1867.

An execution issued July 8, 1881, and the sheriff's return thereon, showing sale of the land to R. A. Shapard on first Tuesday in August, 1881.

4. The deed from R. A. Shapard to defendants, dated September 15, 1881, and duly recorded October 29, 1881, in the office of county clerk of Brazoria county.

Other evidence was offered not necessary to notice.

*Geo. W. Duff*, for appellants.

*Stratton & Ballowe*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— Both parties claim title to the land in controversy through John H. Herndon, to whom it was patented on the 24th of June, 1875, prior to which time he is not shown to have owned the land or certificate on which the patent issued.

Herndon conveyed to Cole, June 18, 1877, and Cole to the appellee, January 10, 1878, and those deeds were not recorded until October 20 and 27, 1883.

On the 12th of April, 1867, Gass and others recovered a judgment in the district court for Brazoria county against John H. Herndon and F. J. Calvit, under which it does not appear that any execution ever issued against John H. Herndon or Calvit.

On the 8th of July, 1881, an execution issued under the Gass judgment, or a judgment of same date, against S. C. and B. M. Herndon, as executors of the will of John H. Herndon, deceased, and under this the land was sold and bought by R. A. Shapard, under whom the appellants claim through deed executed September 15, 1881, which was recorded October 29, 1881.

It does not appear that the judgment in favor of Gass and others, and against John H. Herndon and Calvit, was ever revived against his executors or himself; nor does it appear from the statement of facts that Herndon is not yet alive.

The execution commands the sheriff, " that of the goods and chattels, lands and tenements of the said S. C. and B. M. Herndon, executors of the will of J. H. Herndon, deceased, you cause to be made," etc.

The statement of facts shows that John H. Herndon was adjudicated a bankrupt, and that he received his discharge on November 23, 1869.

It further shows that the Gass judgment, which seems to have been for negro hire, was embraced in Herndon's schedule of indebtedness.

The appellee showed a regular chain of title from the sovereignty of the soil to himself, and was entitled to recover unless the defendants showed a better title. They did not show an older title even in form, and if the proceedings under which they claim were regular, and in any event would pass title as against Herndon, there surely was no lien on the land though the Gass judgment, which would attach and relate to the time Herndon acquired the land, for no execution ever issued on that judgment, so far as the record shows. Snow v. Nash, 50 Tex., 216; Bassett v. Proetzel, 53 Tex., 569.

The appellants, however, claim that the proceedings under which their vendor bought were sufficient to pass title, and that they are innocent purchasers.

We are of the opinion that the proceedings through which the appellants claim title were insufficient to pass title to any one, even if the land had not been sold by Herndon prior to the time the execution under the Gass judgment was levied upon it. Newsom v. Newsom, 4 Iredell (Law), 381; Douglas v. Whiting, 28 Ill., 366; Freeman on Executions, 421. It is well settled that a person who claims title through an execution sale must show a judgment on which the execution is founded. Freeman on Judgments, 43; Criswell v. Ragsdale, 18 Tex., 445.

In this case a judgment against Herndon and Calvit was shown to have been rendered April 12, 1867, and no other judgment was shown.

The execution under which the sale was made recites the rendition of a judgment on the 12th of April, 1867, in favor of Gass et al. against S. C. and B. M. Herndon, executors of the will of J. H. Herndon, deceased, and it commanded the sheriff to make the money out of the property of the persons who were styled executors.

The judgment against Herndon and Calvit would not support this execution, for it does not refer to that judgment as the authority for its issuance, nor in any way connect itself with it.

If it be true that John H. Herndon was dead, and that the judgment against him had been revived against the executors of his will, then such judgment should have been shown, and even then the production of such a judgment would not have been sufficient to authorize the issuance of an execution against the property of Herndon's estate in the hands of executors, unless it was further shown that this was authorized by the judgment of revivor, or that, under the terms of Herndon's will, the executors were authorized to administer his estate independent of and freed from the control of the probate court.   R. S., 2275; Kendrick v. Rice, 16 Tex., 260.

If, however, all these things had been shown, the execution would not have authorized the sale in form and manner drawn, for it uses no language indicating that it is to be satisfied out of property belonging to the estate of Herndon, or empowering the officer to seize and sell any property of that estate for that purpose.

This view of the case renders it unnecessary to inquire whether the discharge of the judgment against Herndon, by his discharge in bankruptcy, withdrew all power to issue an execution on that judgment; as does it to consider whether an execution, if that offered in evidence could be considered an execution against Herndon or his estate, after the lapse of about fourteen years from the rendition of the judgment, no act of diligence being shown, would not be void.

However this may be, if the question whether the purchasers under the execution were innocent purchasers was a real and vital question in the case, it would seem that, if the execution on so old a judgment appeared, as did the one in question, to be an original, and on its face based on a barred judgment, that such irregularity, if we call it nothing more, would be such as to put a purchaser on inquiry, which, if properly directed, would have resulted in notice that the judgment had been fully discharged in bankruptcy, and to such a person a purchaser under the execution would give no title which he could urge against a person holding by prior purchase from John H. Herndon.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 27, 1884.]