Sass & Cohen v. Edward Hirschfeld et al.

Decided April 26, 1900.

1. **Trustee—Liability for Costs of Suit.**

In actions by or against trustees respecting the trust property the costs, if the decision be adverse to them, will be adjudged against them personally, and when paid by them the amount will be allowed in their account, if the litigation was just and proper.

2. **Execution Against Trustee for Costs.**

An action was brought to recover goods held by defendant in the capacity of a trustee for the benefit of creditors, and the verdict being for plaintiff, it was adjudged that they recover of defendant "as trustee" their cost of suit. Held, that the words "as trustee" did not limit the legal effect of the judgment, and plaintiffs were entitled to an execution against the defendant de bonis propriis for their costs.

Appeal from Galveston. Tried below before Hon. William H. Stewart.

*Spencer & Kincaid*, for appellees.

GARRETT, Chief Justice.—This appeal is from the denial by the judge of the Tenth Judicial District of a motion made by the appellants in the case of Sass & Cohen v. Edward Hirschfeld and Arthur Mildenberg to direct the clerk of said court to issue an execution against said Mildenberg de bonis propriis upon a judgment rendered against him "as trustee." In April, 1897, the appellee, Edward Hirschfeld, executed a deed of trust to appellee, Arthur Mildenberg, as trustee for the benefit of certain creditors therein named. Among the property conveyed

and delivered to Mildenberg were certain goods that had been sold to Hirschfeld by Sass & Cohen. Upon the execution of the deed of trust Sass & Cohen rescinded the contract of sale upon the ground of fraud and sued Hirschfeld and Mildenberg for the recovery of the goods. The case was tried by a jury, who returned a verdict in favor of the plaintiffs against the defendants Hirschfeld and Mildenberg for the goods which had been sequestered and replevied by the plaintiffs, and judgment was rendered in favor of the plaintiffs against both of the defendants therefor. It was also adjudged "that the plaintiffs recover of the defendant, Arthur Mildenberg, as trustee, the costs by them in this behalf incurred on account of their suit against the said Arthur Mildenberg, for which they may have their execution." After the expiration of the term of the court at which this judgment was rendered the plaintiffs filed a motion to correct the judgment by striking out the words "as trustee," which the court below overruled, and upon appeal from the judgment of the court overruling that motion this court affirmed the judgment and there is now pending a motion for a rehearing in that case. (Opinion delivered March 1, 1900.) After the affirmance by this court of the judgment of the District Court refusing to correct the original judgment in the manner pointed out the appellants filed the motion to require the clerk of the District Court to issue execution on said judgment to be levied upon the property of Arthur Mildenberg showing that demand had been made of the clerk for such writ and that he had refused to issue the same.

We are of the opinion that the present appeal presents a very different question from the one on the action of the court in refusing to correct the judgment, and the question now is whether or not the use of the words "as trustee" in the judgment limits the execution to such property only as might be in Mildenberg's possession as trustee of Hirschfeld. We do not doubt the personal liability of Mildenberg for the costs of the suit. "The general rule is that if trustees bring suits against strangers, or strangers bring suits against trustees respecting the trust fund, costs will be awarded against the losing party, as in other suits." 2 Perry on Trusts, sec. 891. If they should be compelled to pay costs the amount so paid will be allowed in their accounts if the litigation was just and proper. Hardy v. Call, 16 Mass., 530. Judgment then should have been rendered against Mildenberg in proper person with execution against his own property, Does the use of the words "as trustee" after his name limit the effect of the judgment? The words are only descriptive of the capacity in which Mildenberg received the goods for which he was sued, but have no legal effect upon the judgment and may be considered as surplusage. The judgment is not one against the goods of Hirschfeld in the hands of Mildenberg. Hardy v. Call, 16 Mass., 530; Hart v. McDade, 61 Texas, 208; Horton v. Garrison, 1 Texas Civ. App., 31; Gayle v. Ennis, 1 Texas, 184. Since the legal effect of the judgment against Mildenberg is to bind him personally, execution should run against his prop-

erty: And while we do not think that the proceeding to correct the judgment was properly brought, we do think that upon refusal of the clerk to issue execution against Mildenberg de bonis propriis the motion to require him to do so should have been granted. The judgment of the court below, therefore, refusing such motion will be reversed, and judgment will be here rendered directing the clerk of the court below to issue execution in favor of the plaintiffs for the costs as adjudged against the said Arthur Mildenberg, to be satisfied out of his property. As an additional reason why the motion to correct the judgment was properly overruled, it was unnecessary to do so. Mansel v. Castles, 93 Texas, 414.

*Reversed and rendered.*