MOON v. SHERWOOD. (No. 840.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 13, 1915.)

1. VENDOR AND PURCHASER �kø288—FORECLOSURE OF LIEN—SALE—TITLE ACQUIRED.

Where a judgment of foreclosure under a vendor's lien note is void for want of service on defendant as required by law, a sale under an order of sale issued thereon passes no title to the purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 815–819; Dec. Dig. ⊛288.]

2. VENDOR AND PURCHASER ⊛89, 275—VENDORS' LIENS—ASSIGNMENT.

A vendor of land holds the legal title in trust for the assignee of the vendor's lien note and the vendee of the land, and even though he has transferred the notes to a third party without at the same time transferring the title, he may thereafter convey title to the holder of the note who then becomes invested with all the rights of the original vendor, and may elect to rescind the sale and recover the land or to foreclose.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 148, 149, 151, 156, 772; Dec. Dig. ⊛89, 275.]

3. VENDOR AND PURCHASER ⊛280—FORECLOSURE OF VENDORS' LIENS—PLEADING—ALTERNATIVE RELIEF.

The holder of a vendor's lien note who obtains also the legal title may after instituting foreclosure amend his pleadings and sue for rescission or he may ask for rescission or foreclosure in the alternative.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 784–789, 791; Dec. Dig. ⊛280.]

Error from District Court, Collingsworth County; J. A. Nabors, Judge.

Action by C. F. Berry against M. L. Langford and others on a vendor's lien note, wherein R. R. Sherwood intervened, and which suit was consolidated with an action by R. R. Sherwood against James A. Moon and others. From the judgment rendered, James A. Moon brings error. Affirmed in part and reversed and remanded in part.

R. H. Templeton, of Wellington, and H. E. Hoover, of Canadian, for plaintiff in error. R. H. Cocke, Jr., of Wellington, for defendant in error.

HUFF, C. J. On the district court docket of Collingsworth county, in cause No. 296, a suit was instituted by one C. F. Berry against M. L. Langford, W. H. Painton, James A. Moon, and C. M. Lane, on a vendor's lien note for the sum of $400, executed by Langford to C. M. Lane, dated December 5, 1910, as part of the purchase money for the N. W. ¼ of section 28, block 15, H. & G. N. Ry. Co. survey.

The petition alleged that Moon and Painton claimed or asserted some interest in the land. This suit was filed October 26, 1912. Judgment was taken in this suit for the debt against Langford and Lane on the 15th day of April, 1913, foreclosing the vendor's lien on the land as to said parties, and also as to the interest of Moon and Painton it directed the issuance of an order of sale. On August 4, 1913, an order of sale was issued on the above judgment which was executed September 3, 1913, by selling the land at public sale, as under execution, at which time R. R. Sherwood became the purchaser, to whom the deed was made by the sheriff executing the order of sale. The amount bid and paid by Sherwood was $25.

On the 2d day of March, 1914, R. R. Sherwood instituted suit against James A. Moon and A. G. Burke, a tenant of Moon on the land, for the land, in the form of trespass to try title, and sued out therein a writ of sequestration, the number of this suit on the docket being 349. After the institution of this suit James A. Moon, on April 10, 1914, filed a petition or motion in cause No. 296 to set aside the judgment obtained therein, on the ground that it was rendered without proper service on the parties, and set out specifically that he was a nonresident of the state, not having been served with notice, as required by the statute for nonresidents, but that service was attempted on him by publication, but that it was not had for the time and in the manner required by the law, and not for four full weeks, and that the cause was not passed over for the first term after such publication. By permission of the court Sherwood intervened in that case, setting up therein that he was a purchaser of the land at the foreclosure sale, and that he had a deed from W. H. Painton and C. M. Lane, and also had purchased and paid for or had transferred to him the $400 note, of which he was the legal holder and owner.

On the 14th day of April, 1914, the issue as to the validity of that judgment was tried before the court, who finds as follows:

"It appearing to the court that the judgment of this court heretofore rendered in this cause, as recorded in volume 1, p. 90, District Court Minutes, Collingsworth county, Tex., was rendered without proper service upon the parties defendants, and that said judgment disposed of their interest in and to the N. W. ¼ of section No. 28, in block No. 15, H. & G. N. Ry. Co. survey, in Collingsworth county, Tex., and that the interest of James A. Moon in and to said land was disposed of without service on him, it is therefore considered, adjudged, and decreed by the court that the judgment of this court heretofore rendered in this cause, as recorded in the District Court Minutes, in volume 1, p. No. 90, Collingsworth county, Tex., be and the same is hereby set aside and without further force and effect as to disposing of the interest of James A. Moon in and to the N. W. ¼ of section No. 28, block No. 15, H. & G. N. Ry. Co. survey, in Collingsworth county, Tex.," etc.

There appears to be no objection by either party to this appeal to the judgment so entered.

On the 13th day of April, 1914, Sherwood made a motion to consolidate the two causes, Nos. 296 and 349. We find no order of the trial court consolidating the two causes, but both parties appear to treat the case as consolidated, and the pleadings were amended, in which the style of both cases, together with the two numbers, was indorsed thereon, and the final judgment treats the cases as having been tried under consolidation.

On the 20th day of April, 1914, R. R. Sherwood amended his petition as against James A. Moon and A. G. Burke. He first apparently seeks a recovery of the land as the owner thereof in an action which is substantially that of trespass to try title, and in the fourth paragraph of this amendment he sets out the fact that he is the legal holder of the note and the value thereof mentioned in the petition of James A. Moon set forth and described in the judgment therein mentioned and set forth, and that he purchased the land in said petition described, that after the purchase at sheriff's sale, for a valuable consideration in due course of trade, he bought all interest in and to said suit, and in and to said notes therein described and mentioned, and also bought for value the right, title, and superior lien which said note evidenced from C. M. Lane and from C. F. Berry, and that plaintiff is now the legal owner and holder of said note, lien, and superior title, and that he holds the deed of the sheriff of Collingsworth county to said land under and by virtue of the foreclosure. He alleges that the note for $400 principal was destroyed by fire, and that it bore date December 7, 1910, with interest from date at the rate of 10 per cent. per annum, and provides for 10 per cent. attorney's fees, etc.; and he further alleged that he was the legal owner and holder of vendor's lien note for the sum of $250, dated December 12, 1908, with the lien and the superior title which said note carries with it, and said note bears interest at the rate of 10 per cent. from date and provides for 10 per cent. attorney's fees. He

alleges also that he paid $4.68 interest to the state due on the public school land, and also $21.50 taxes. His prayer is that he have judgment for the title and possession of the above-described land and premises and writ of possession therefor; that he have judgment against James A. Moon and A. G. Burke foreclosing their interest in the land heretofore described; that he have an order of sale foreclosing the lien on said land.

Moon and Burke answered this petition at some length, which will be unnecessary to set out. Moon especially answered that, if the court shall find Sherwood can sue for the land, and at the same time seek a foreclosure, then he tenders into court the amount due on said note, "and asks that the title be adjudged in him, subject to the incumbrances shown by said notes, and that he be given 60 days in which to pay off and settle said notes and save his land, and that the title be adjudged into him with the privilege of paying off said notes and incumbrances, if any, that may be adjudged against the land in controversy."

The facts regarded as material are that it was agreed by the parties that C. M. Lane is the common source of title.

On the 12th day of December, 1908, C. M. Lane conveyed the land in question to J. H. Shields for a recited consideration of $800 in cash and three vendor's lien notes for the sum of $250 each, due respectively December 12, 1909, 1910, and 1911. On the 16th day of December, 1908, C. M. Lane transferred to O. P. Jones, by a written transfer duly acknowledged and recorded, the three vendor's lien notes mentioned in his deed to Shields.

On the 7th day of June, 1909, J. H. Shields and wife conveyed the land to A. G. Lane for a recited consideration of $1,050 cash, and the balance, $750, assumed by A. G. Lane, being the three vendor's lien notes referred to in the deed of C. M. Lane to Shields. This deed was duly filed for record on the 19th day of June, 1909, in the proper office. On the 20th day of September, 1909, A. G. Lane and wife reconveyed the land to C. M. Lane for a recited consideration of $1,800 in hand paid. It is further recited that of the $1,800 $1,050 is in cash, and the other is evidenced by three certain vendor's lien notes for $250 each, dated December 12, 1908, etc., being the notes above mentioned. This deed was filed for record November 15, 1910.

A deed from C. M. Lane to W. L. Langford, dated December 5, 1910, being the land, for a recited consideration of $700 cash, $400 note due 12 months after date, drawing interest at 10 per cent., and the assumption of two notes for the sum of $250 each, due December 12, 1910 and 1911, executed by Shields and payable to C. M. Lane. A vendor's lien was retained in the deed to secure

the payment of the above notes. This deed was filed for record December 10, 1910.

A quitclaim deed from W. L. Langford and wife, conveying the land for a recited consideration of $3,000 to W. H. Painton. Of the consideration $171.65 is recited as cash in hand paid, and $2,828.35 is embraced in the vendor's lien note dated July 3, 1911, with interest at 8 per cent. per annum, due July 3, 1912, with 10 per cent. attorney's fees. A vendor's lien was retained to secure the payment of this note. This deed was filed for record the 28th day of July, 1911. Sherwood also offered in evidence a portion of the deed from W. H. Painton and wife to J. A. Moon, dated the 28th day of November, 1911.

On November 28, 1911, Painton and wife conveyed to James A. Moon the land by deed for a recited consideration of $1.00 and other valuable considerations, paid by James A. Moon, with the recital: "This deed is made subject to an incumbrance of $650.00, due December, 1911." This deed was recorded June 15, 1912.

Sherwood also offered in evidence the judgment in cause No. 296, C. F. Berry against Langford and others, dated the 15th day of April, 1913, foreclosing the vendor's lien note for $400 and the order of' sale thereon, dated the 4th day of August, together with the return thereon showing the sale of the land at public sale and as having been bid in by R. R. Sherwood, and also the deed from the sheriff, dated the 2d day of September, 1913, to Sherwood.

Sherwood also introduced in evidence a deed dated the 22d day of December, 1913, from C. M. Lane to himself, for the land in question, for a recited consideration of $1,-000, $750 cash, and the assumption of one promissory note dated December 12, 1908, executed by J. H. Shields, payable to C. M. Lane. This deed was recorded the 22d day of December, 1913.

He also offered in evidence a deed from W. H. Painton and wife to Sherwood, dated January 8, 1914, which was a quitclaim deed. This deed was filed for record the 22d day of January, 1914.

Plaintiff in error also introduced a deed from Sherwood and wife to C. M. Lane to the land, dated September 6, 1913, and filed for record September 15, 1913.

The plaintiff in error also introduced in evidence the order of the court entered on the 14th day of April, 1914, in cause No. 296, set out heretofore by us in our findings.

The evidence is sufficient to show that Sherwood, the defendant in error, purchased the $400 note made by Langford to C. M. Lane, and also one of the notes for $250 made by Shields to C. M. Lane, and which had been transferred by Lane to Jones; that he paid full value for these notes; that he made these purchases after he purchased the land at sheriff's sale under the order of sale. Neither of these notes was offered or introduced in evidence, but without any objection, so far as this record shows, oral testimony was received as to the amount of the notes and the interest due on them.

C. M. Lane appears to have been an unmarried man, and at the time of the institution of the suit by Berry against Langford he was living in New Mexico, and he testifies, without contradiction, that he sent the note to C. F. Berry, instructing him to have suit brought on the $400 note, and that Berry, in complying with that, brought the suit in his own name, instead of that of C. M. Lane; but, as a matter of fact, C. M. Lane was the beneficiary in that suit. There is no testimony to contradict it, further than the recitals in the judgment foreclosing the lien and the petition therein, showing that Lane had indorsed the note and he was sued as an indorser, and judgment obtained against him as such.

For some reason not fully explained in this record, after Sherwood purchased the property at sheriff's sale, he deeded the land back to C. M. Lane, and he and Lane swear that Lane paid him $125, and thereafter Lane reconveyed the land to Sherwood, by quitclaim deed, in which Sherwood assumed the payment of a $250 note, stating the date of the note, but does not give the due date. It is explained by these two witnesses that a part of the $750 cash consideration mentioned in the deed was the principal and interest on the $400 note and on the $250 note. The balance of the $750 is not very clear just how it was paid or in what manner.

The plaintiff in error Burke's appeal (not for publication) will not be considered in this case, for the reason that it is shown that the damages that he claimed by virtue of the writ of sequestration having been sued out have been made to appear in this court as having been settled, paid off, and discharged by Sherwood, as will appear from the opinion of this court upon the motion, heretofore disposed of.

At the end of the testimony the court instructed a verdict for Sherwood for the land, and for the plaintiff in error as to Sherwood's prayer for a foreclosure of the liens. We should state in this connection that there is no evidence or anything to show in the record that Moon made any tender of the principal and interest due upon the two vendor's lien notes above set out, and the only tender was that made in his pleadings, heretofore set out.

[1] The order of the court on Moon's motion to set aside the judgment in cause 296 vacated that judgment. Sherwood was a party thereto by intervention, and is bound by such order, of which he does not here complain. If the judgment foreclosing the lien was void because no service was had on the parties, then there was no judgment supporting the order of sale and the sheriff's sale and deed thereunder to Sherwood. The judgment being void for want of jurisdiction

over the defendants therein, obtained by service, as required by law, the sale under the order of sale issued thereon passed no title to Sherwood. Horst v. Lightfoot, 103 Tex. 643, 132 S. W. 761; Carpenter v. Anderson, 33 Tex. Civ. App. 484, 77 S. W. 291. Without a judgment to support the order of sale it is absolutely null and void, and could confer no authority upon the officer to make the sale, and hence no title passed by his deed. Criswell v. Ragsdale, 18 Tex. 443; Ayers v. Dupre, 27 Tex. 601, 602, 86 Am. Dec. 657; Perdew v. Davis, 31 Tex. 488. The defendant in error therefore had no title to the land sued for by virtue of the sheriff's deed, and the trial court should not have instructed a verdict for him on that claim of title, for he had none by virtue thereof.

[2] The question remains whether obtaining possession of the vendor's lien notes, one for $400, made by Langford to C. M. Lane, and one for $250, made by Shields to C. M. Lane, and by Lane transferred to Jones, and by Jones to Sherwood, and the conveyance of the legal title to the land by C. M. Lane to Sherwood, under the facts and pleadings, were sufficient to authorize a recovery of the land from Moon and his tenant, Burke, to whom the title had been conveyed by a regular chain of transfers from C. M. Lane and duly recorded prior to his deed to Sherwood. That the vendor, without any beneficial interest in the land, holds the title in trust for the assignee of the note and the vendee of the land, is the settled rule in this state. Ross v. Bailey, 143 S. W. 961, and authorities cited. Even though the vendor has transferred the notes to a third party without at the same time transferring the legal title to the land retained in him, he may thereafter convey the title to the holder of the note, who would then be invested with all the rights of the original vendor, and may elect to rescind the sale and recover the land or to foreclose, as he shall determine. White v. Cole, 87 Tex. 500, 29 S. W. 759; Thompson v. Robertson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843; Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027. If, however, the vendor or his assignee has elected to sue to establish his lien, and has reduced the same to judgment, he cannot thereafter rescind. Wiseman v. Cottingham, 141 S. W. 817; Dillingham v. Kerr, 139 S. W. 911.

[3] If the party entitled to rescind institutes foreclosure proceedings, we understand he may amend his pleadings and sue for the land or for rescission, and in such case he will not be held to have elected to specifically perform the contract. Stone Cattle Co. & Pasture Co. v. Boon, 73 Tex. 577, 11 S. W. 544. It appears also to be the rule that the plea may be in the alternative. Von Roeder v. Robinson, 20 Tex. 754. If the defendant in error chose to disaffirm the contract of sale, it should appear that he distinctly did so. We do not think he should leave his pleadings in such condition that the court must make the election for him. In this case C. F. Berry instituted a suit to foreclose the vendor's lien on the note for $400. This suit was prosecuted to judgment, but afterwards the judgment was set aside. Before the judgment was set aside defendant in error intervened, setting up that he owned the note by purchase from Lane and Berry. He then asked that this suit, 296, be consolidated with 349. The judgment of the court in this case shows that it was so consolidated. The amended petition of defendant in error does not purport to be a repleader as required by statute after consolidation, but simply refers to plaintiff in error's motion, etc. If the case was consolidated, the original petition in cause No. 296 was one purely for a foreclosure. This was an affirmance of the contract. This being so, we believe that defendant in error could not affirm the contract as to the $400 note and disaffirm as to the $250 note. While these two notes originated in separate contracts, the title was reinvested in the original vendor before the execution of the last note. He therefore held the legal title in trust for the assignees of both notes. The $250 note was perhaps entitled to priority in payment. If the vendor's lien, after the land was reconveyed to him, and after he sold to Langford, had disaffirmed the sale to Shields, he would still have held the same title in trust for the assignee of the $400 note. We therefore believe he must, in order to defeat the vendee, have disaffirmed both contracts. We think in this case he must have rescinded in whole. Gardner v. Griffith, 93 Tex. 355, 55 S. W. 314; Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828. It will be inequitable, it occurs to us, to permit Sherwood to recover the debt from Langford, and then recover the land for $250; at least the pleading should be clear as to which contract should be rescinded, if only one, or, if both, the allegation should be definite. While it appears the two causes were consolidated, yet the amended petition seeks to recover the land from Moon and Burke alone. Langford, Lane, and Painton are not mentioned in this pleading. If it was only intended to prosecute the suit against Moon and his tenant, then cause No. 296 stood on the docket undisposed of as a suit for foreclosure. If it was intended to plead in the alternative for the land or for the foreclosure by the amended petition, there could be no foreclosure, for the reason that the payors of the note were not made parties; hence no judgment establishing the debt could be rendered. We therefore believe the court erred in overruling plaintiff in error's special exception set out in assignment No. 3. If the cases are consolidated, the court should require a repleader, which should include all matters. If the cases are not consolidated, then 296 should be abandoned; for we cannot see how defendant in error should have one

suit for foreclosure on the note and at the same time have a suit for the land based on the same contract. We believe also, under the *pleadings and the record in this case,* that plaintiff in error was entitled to have the vendor's lien notes tendered into court for cancellation, if they could be found, before he can be required to pay money into court thereon. Milligan v. Ewing, 64 Tex. 260. If this was a straight action to recover the land, there is no doubt that plaintiff would be required by his answer to offer to pay the note, and also tender the same into court. Rutherford v. Mothershed, 42 Tex. Civ. App. 360, 92 S. W. 1021; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Crain v. National Life Ins. Co., 56 Tex. Civ. App. 406, 120 S. W. 1098. We believe, under the facts of this case, and the pleadings, the court was in error in instructing a verdict for defendant in error as to the title of the land. Burke's assignment will be overruled for the reason that his appeal was dismissed at a former day of this court, upon motion; it having been shown that he accepted in full satisfaction of the damages awarded him on account of the sequestration proceedings, and that he marked the judgment obtained in his favor against Sherwood "satisfied." Harper v. Foster, 40 S. W. 40.

The judgment as to Burke will be affirmed, but as to Moon the cause will be reversed. Affirmed in part and reversed and remanded in part.