Opinion adopted March 6, 1888.

No. 2358.

### E. B. IVEY *v.* JOHN C. PETTY ET AL.

1. LIMITATION.—A purchaser, the calls of whose deed through mistake extended over and embraced one hundred and seventy-three acres of an adjoining survey to which the vendor held no title, improved and occupied the land so included by mistake, but he asserted no claim to any portion of such adjoining survey except to the land so occupied and improved by him until after the expiration of ten years and after he had abandoned possession. *Held,* that his actual and construct-

ive possession were identical, and he obtained no title under the ten years statute to any portion of such adjoining survey except that which was actually and visibly appropriated by him under a claim of right inconsistent with, and hostile to the claim of the true owner.

ERROR from Waller. Tried below before the Hon. W. H. Burkhart.

*Abner G. Lipscomb,* for plaintiff in error.

*Harvey & Brown,* for defendants in error.

MALTBIE, PRESIDING JUDGE. This suit was brought by appellant E. B. Ivey on the eighteenth day of July, 1885, to recover five hundred and forty acres of land out of the Justo Liendo grant, claiming to own it in fee simple, by virtue of the statute of limitation of ten years. It appears that Wyatt Ivey, the father of the appellant, in the year 1861 purchased from the heirs of Donoho five hundred acres of land out of the Donoho league, and in running it off the surveyor made a mistake, and extended the lines of his survey into the Liendo grant, lying immediately south of the Donoho, so as to include one hundred and seventy-three acres in the former survey, and a deed was executed to Wyatt Ivey to the land as surveyed.

He built his house upon the Donoho league and continued to live upon it with his family until the year 1866, when he died. He had extended his fences and inclosed a portion of the land conveyed to him in the Liendo grant in 1861. After the death of Wyatt Ivey his widow and family, including the appellant, continued to reside upon the land until 1875, when the house burned down and the widow moved off, leaving the appellant in charge. He at once built a house on that portion of the Liendo grant that his father had inclosed, and continued to reside upon it until February, 1881, having sold his claim in that grant to Mrs. Wilson in December, 1880. Appellant testified on the trial as follows: "I considered the south boundary of Wyatt Ivey's purchase my south boundary; I had the one hundred acres which I settled on in 1875 surveyed to that boundary; had it surveyed to find out the boundaries. I sold to Mrs. Wilson the one hundred acres of land, including all my improvements. I had no improvements or actual possession outside of said boundaries, and was not, at the time I sold to Mrs. Wilson, setting up claim to any land outside of the Wilson

tract. When I sold out to Mrs. Wilson, I bought land in the Donoho league, and lived there about three years, when I moved to Hempstead. I did not know when I sold out to Mrs. Wilson that I was entitled to any more of the Liendo lands; don't know how long afterwards before I was informed that I was; perhaps six months or a year before bringing this suit."

Adverse possession, as defined by the statute, is an actual and visible appropriation of the land commenced and continued under a claim of right inconsistent with and hostile to the claim of another. Appellant, according to his own testimony, set up no claim at all to any of the Liendo grant except that portion embraced in the deed of the Donoho heirs to his father; and it thus appears that he did not in fact occupy, or intend to occupy any other portion of the grant. In other words, his actual and constructive possession was identical, and he had no thought or desire of laying claim to any more land than he actually occupied until several years after he had abandoned possession of that part of the grant that he had formerly occupied. Most clearly there is no claim of right hostile to the claim of another shown in this case. And it would be strange indeed if the statute could divest the estate of one and thrust it upon another without knowledge, wish or desire on his part at any time during the whole of the ten years that the title is maturing in his person.

It is also insisted that the appellant has the right to recover as against appellees who are alleged to be trespassers by reason of his prior possession. It has already been shown that appellant was never in possession of the land sued for, but even if he had ever been, he abandoned the grant several years before the institution of this suit. And to recover land by virtue of prior possession it is a prerequisite that such possession be continuous. There is no error in the record of which appellant can complain, and the judgment should be affirmed.

*Affirmed.*