FARMERS LOAN AND TRUST COMPANY V. JOHN S. BECKLEY ET AL.

No. 853.   Decided January 29, 1900.

**1.   Limitation—Equitable Title—Establishing Lost Deed.**

There is no distinction, in our practice, between actions upon legal and those upon equitable demands; a petition seeking to establish the existence of a lost deed of trust is an action (within the meaning of article 3358, Revised Statutes) which is barred within four years after the right to bring it accrued.   (P. 272.)

**2.   Executory Sale—Superior Title—Assignee of Purchase Money Note.**

The assignee of a purchase money note,—given on an executory sale of land to which the vendor has retained the superior title,—who has taken no transfer of such vendor's title, has only a lien to secure his note and is without remedy when the note is barred; he can not maintain suit to divest such legal title out of the vendor, nor require him to assert it for his, the assignee's benefit.   (Pp. 272-274.)

**3.   Same.**

The vendor, after assignment of the note without transferring title to the land, holds his superior legal title in trust for the assignee to the extent only that he can not dispose of it so as to defeat the lien of the assigned note.   (P. 273.)

**4.   Vendor and Vendee—Superior Legal Title.**

The law that the express retention in a deed or note of a lien for the purchase money of land by the vendor makes the deed executory, has become a rule of property in this State which can only be changed by the Legislature.   (P. 274.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*W. H. Ford* and *Robertson & Firmin*, for appellant.—Where a deed of conveyance recites a purchase money note as given by the grantee in part payment of the consideration, and such note recites a vendor's lien, all subsequent purchasers of the title take subject to such lien, which thereby becomes an express lien upon the land; and where a deed of conveyance refers in express terms to another instrument executed contemporaneously, and such instrument refers to other instruments necessary to be had in order to perfect the purchaser's title, all subsequent purchasers take the title subject to the terms of all such collateral instruments, whether or not they are recorded, under the conclusive legal presumption that they have sifted all the facts so called to their attention, and they are bound thereby, and where an instrument affecting or creating an interest, legal or equitable, in land, is lost or destroyed, its existence may be proven, and its terms established, as against all persons dealing with the land, and not shown to be

innocent purchasers for value without notice, the burden of proof of which issue rests upon him who asserts it. Texas Land Co. v. Watkins, 34 S. W. Rep., 996; Smith v. Farmers Loan Co., 51 S. W. Rep., 515; Willis v. Gay, 48 Texas, 470; Graham v. West, 26 S. W. Rep., 920; Moore v. Scott, 38 S. W. Rep., 394; Smith v. Adams, 23 S. W. Rep., 49; Batt v. Mallon (and note), 7 Law. Rep. Ann., 840; Baylor v. Tillebach, 20 Texas Civ. App., 490; Burdick v. Peterson, 72 Fed. Rep., 864; Bohart v. Chamberlain, 13 S. W. Rep., 85; 13 Am. and Eng. Enc. of Law, 1068; Freeman v. Tinsley, 40 S. W. Rep., 835.

Where a grantor reserves in himself a vendor's lien to land, and subsequently sells the note taken in part payment to a third person, without conveyance of the lien by express contract of assignment, he holds the title thus reserved in himself in trust for the holder of the note, and may be required by a court of equity to convey such superior title to the holder of the note upon default in payment of the debt, even after limitation has barred recovery upon the debt itself, and where such grantor holds such superior title as such trustee, a subsequent grantee of such title, with knowledge of the fact of the existence of such unpaid note, and with intent to defraud such creditor of his equitable rights in the land, merely becomes the substitute trustee in place of such grantor, for the benefit of the holder of the note, and equity will enforce the trust against him precisely as it existed before he acquired such title. Dittman v. Iselt, 52 S. W. Rep., 96; White v. Cole, 29 S. W. Rep., 759; Hamblen v. Folts, 7 S. W. Rep., 834; Marshall v. Marshall, 42 S. W. Rep., 353; Hanna v. Wilson, 46 Am. Dec., 190.

*Watts, Aldredge & Eckford*, for appellees.—Limitation of four years is applicable to a suit to establish a deed of trust or other conveyance, and the facts alleged in the petition are not sufficient to prevent the statute from running. Rev. Stats., art. 3558; Railway v. Titterington, 84 Texas, 222; Cooper v. Lee, 75 Texas, 121; Kuhlman v. Baker, 50 Texas, 636; Bremond v. McLean, 45 Texas, 19.

In the acquisition of the note the J. B. Watkins Land Mortgage Co. elected to rely upon a deed of trust, and neither that company nor its assigns asked for, sought, or demanded, at the time, of E. Beckley and wife, a transfer of the supposed superior title, and they are bound by the election. Bauman v. Jaffray, 26 S. W. Rep., 262, 394.

If, as claimed, under the circumstances surrounding the sale and conveyance, the superior title was retained by E. Beckley and wife, and upon the assignment of the note they were converted into the trustees thereof for the benefit of the holders of the note, such trust existed and arose solely by implication of law; the cause of action accrued to the holder of the note at the maturity thereof; and the same was barred by four years limitation. Rev. Stats., art. 3358; Tinnen v. Mebane, 10 Texas, 252; Wingate v. Wingate, 11 Texas, 433; Kennedy v. Baker, 59 Texas, 156.

The J. B. Watkins Land Mortgage Co., having acquired the note from

E. Beckley and wife by simple assignment, which carried with it the deed of trust, without any agreement on their part to thereafter transfer the superior title, would have no cause of action to compel such transfer, and in this respect the assignees would have no greater right than the company. White v. Downs, 40 Texas, 231; Railway v. Bremond, 66 Texas, 163; Solinsky v. Bank, 82 Texas, 246; Perkins v. Sterne, 23 Texas, 561.

The assignment of a note secured by a vendor's lien only carries with it the note and lien to secure its payment, and not the superior title. Hamblen v. Folts, 70 Texas, 135; McCamly v. Waterhouse, 80 Texas, 340; Stephens v. Mathews, 69 Texas, 344.

BROWN, ASSOCIATE JUSTICE.—From the statement submitted by the Court of Civil Appeals we make the following summary of the contents of the plaintiff's petition, which embraces all that is necessary to a decision of the questions propounded:

The Farmers Loan and Trust Company sued J. S. Beckley upon a promissory note executed by him, payable to E. and Anna L. Beckley, dated March 1, 1889, due March 1, 1891, for $3500, with ten per cent interest per annum until due, and, after maturity, to bear 12 per cent. The note recited that it was given for a part of the purchase money of certain land which was described in the plaintiff's petition; a vendor's lien upon the land was reserved in the note to secure its payment. It was likewise recited in the note that J. S. Beckley had executed a deed of trust upon the land, conveying it to M. J. Dart, trustee, to secure the payment of the note. Plaintiff alleged that it was the legal and equitable owner of the note, which was unpaid; that E. and Anna L. Beckley sold and conveyed the land described in the petition to J. S. Beckley by deed duly executed and delivered and took the note sued upon for a part of the purchase money of the said land; that the deed recited upon its face and described the note sued upon. Plaintiff prayed for judgment on the note and foreclosure of the vendor's lien. J. S. Beckley pleaded the statute of limitation. The plaintiff's petition was filed August 4, 1897.

Plaintiff filed successively four amended petitions, in which it made E. and Anna L. Beckley, William Waters, and others not necessary to mention, parties defendant to this suit. The fourth amended petition, to which the exceptions were sustained, alleged all of the facts contained in the original petition, and, in addition, averred that to secure the note, J. S. Beckley, at the time of the making of the note by him, executed a deed of trust upon the land to M. J. Dart, trustee, empowering him to sell the land in case the note was not paid in accordance with its terms, but that the said deed of trust had never been recorded nor delivered to the plaintiff; that it was either destroyed by the two Beckleys and Williams, or has been concealed by them, and the trustee, Dart, refused to sell the land under it. The contents of the trust deed were set out. It was alleged that W. A. Williams, an attorney at law residing in the

city of Dallas, had been for a number of years before and was after the transaction the attorney and legal adviser of the Watkins Land Mortgage Co., and was, at the time of said transaction, and is, the brother-in-law of the two Beckleys, and secretly combined and confederated with the said Beckleys to cheat and defraud the plaintiff of its money by procuring the Watkins Land Mortgage Co. to sell the said note to the plaintiff. It was alleged that Williams acted as the attorney of the two Beckleys in the transaction between them and advised and assisted E. and Anna L. Beckley in procuring the Watkins Land Mortgage Co. to sell the note to the plaintiff, and, in order to induce the plaintiff to purchase the same, the said Williams and the said E. Beckley gave their statement and certificate in writing that the deed of trust mentioned in the note had been executed and had been recorded according to law, and that the vendor's lien mentioned in the note was reserved in the deed from E. and Anna L. Beckley to J. S. Beckley. That the plaintiff, when it bought the said note relied upon the representations and statements of the said Williams and Beckley and would not have purchased it if the false statements had not been made; that the plaintiff was ignorant of the fact that the deed of trust had not been recorded, as stated, and ignorant of the fact that Williams was the brother-in-law of the Beckleys at the time and was acting for them; if it had known these facts, it would not have relied upon his advice, but would have employed other counsel to examine the title. It is alleged that J. S. Beckley sold and conveyed his interest in the land to the defendant Waters, who purchased the same with full notice of all the facts alleged. That plaintiff did not discover that the said deed of trust had not been recorded until six months before the institution of this suit, and that the said deed of trust has either been destroyed by the said Beckleys and Williams or is concealed from this plaintiff so that it can not gain possession of the trust deed.

It is alleged that the plaintiff obtained the note sued upon by a transfer from E. and Anna L. Beckley, by which it became the owner of the debt and of the vendor's lien and of the deed of trust upon the said land and entitled to the enforcement of the same, and that the said E. and Anna L. Beckley held and retained the legal title to the said land as vendors thereof in the capacity of trustees for the vendee upon the payment of the said note and as trustees for the plaintiff, who was the holder of the said note, to secure its payment. That the legal title still remains in the said E. and Anna L. Beckley, unless they have attempted to convey the same to the defendant Waters, as hereinbefore alleged, and if they have, that the said Waters took the said title with full notice of the rights of the plaintiff as beneficiary therein and of the obligation of his vendors as trustees, holding the same for the benefit of plaintiff. It is alleged that E. and Anna L. Beckley have refused to convey the legal title to plaintiff or to assert it for the benefit of the plaintiff to secure the payment of the note, and that the defendants have all combined and confederated together to defraud the plaintiff

of its just right in the said property. The petition contained the prayer necessary to enable the court to afford the relief applicable to the facts alleged.

The defendants Waters and Beckley urged the following exceptions:

1. That it appears from the face of the petition that the cause of action accrued more than four years before the institution of the suit, and is barred by the statute of limitation.

2. That it appears from the petition that if any deed of trust was made from Beckley to Dart, as trustee, it was executed on the 1st of March, 1889, and that the action sought to be maintained to establish the said deed of trust as a lost instrument is barred by the statute of limitation of four years and is a stale demand.

3. That the right of action sought to be maintained against E. Beckley to enforce the supposed trusteeship resting in him in favor of the plaintiff is barred by the statute of limitation and is a stale demand.

4. That the facts alleged in the plaintiff's petition are not sufficient to excuse its laches and delay in asserting its purported cause or causes of action herein and to prevent the running of the statute of limitation.

The trial court sustained the exceptions, and, the plaintiff declining to amend, dismissed the petition.

"Question 1. Is the cause of action set out in the pleading, to the effect that a deed of trust was executed by John S. Beckley to E. Beckley upon the land to secure the payment of the purchase money note originally sued on herein, that such deed of trust was fraudulently withheld from record and suppressed or destroyed, with prayer for establishment and enforcement of such deed of trust, such a cause of action as is contemplated and embraced within our statute of limitations?

"Question 2. Is the cause of action declared in the petition, to the effect that the legal title to the land was retained and held by the vendor, E. Beckley, in trust for the owner of the vendor's lien note, with prayer that such legal title be divested out of said Beckley and vested in plaintiff, such a cause of action as falls within our statutes of limitation?

"Question 3. If either or both of such causes of action are to be considered as arising in equity and of such a nature that pleas of limitation are not applicable, are the facts set forth in the pleading, seeking to excuse the delay in the institution of the suit, sufficient to prevent the cause or causes of action from being stale in equity?

"Question 4. When E. Beckley, the vendor of the land, assigned the vendor's lien note without assigning the legal title to the land, did the legal title remain in him in trust for the assignee owner of the purchase money debt, represented by the note? Or did the assignee of such purchase money note merely take the debt secured by the vendor's lien, without any right or interest in the legal title, so that his right to enforce payment of such debt would be extinguished when limitations barred the debt?

"Question 5. Can the assignee owner of such vendor's lien note without transfer of the legal title to the land, after the debt has become

barred, divest the legal title out of the vendor and vest it in himself in a suit wherein the vendor is joined with all other parties in interest, as is sought to be done in this case?

"Question 6. Waters having purchased the land from John S. Beckley after the purchase money debt was barred by limitation, with full knowledge of all the facts alleged, and having taken from the original vendor, E. Beckley, a transfer of the legal title, could the assignee of the barred debt, in a suit wherein E. Beckley, John S. Beckley, and Waters are all joined as defendants, have the legal title decreed to be in him, subject to the payment of the purchase money debt?"

In our system of jurisprudence there is no distinction between actions based upon legal and those based upon equitable demands. That part of the plaintiff's petition which seeks to establish the existence of a lost deed of trust constitutes an "action" within the meaning of article 3358, Revised Statutes, which is in the following words: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." The action to establish the deed of trust is not one for the recovery of land; it is one for which no period of limitation is specially prescribed by the statutes, and therefore falls within the strict letter of the article above quoted and is subject to the bar of four years' limitation. Railway v. Titterington, 84 Texas, 218; Phelan v. Wiley, 2 Ct. App. Civ. Cases, sec. 735; Cooper v. Lee, 75 Texas, 114. The cases cited above were "actions" to establish rights of a similar nature to the one here set up. The right sought to be established is within the terms of the statute quoted.

In the view we take of question 5, it will be unnecessary to answer the second question. Our response to the fifth question will fully answer numbers four and six.

Upon the facts alleged in the petition, the plaintiff had no right to recover the land, to have the superior title divested out of the original vendors, E. and Anna L. Beckley, nor to require them to assert the legal title to the land for its benefit. Roy v. Clarke, 75 Texas, 28; Russell v. Kirkbride, 62 Texas, 455; Hamblen v. Folts, 70 Texas, 132; Stephens v. Mathews, 69 Texas, 341.

In a number of cases decided by this court, it has been remarked by the judges who wrote the different opinions that when land has been sold on time and a lien expressly retained either in the deed or in the note, or by the contemporaneous execution of a mortgage to secure the purchase money note, the legal title remains in the vendor, and when he assigns the note or any one of a number of notes given to secure the purchase money, the assignee takes the lien upon the land by the assignment and the vendor holds the legal title to the land in trust for the assignee as well as his vendee. In no case decided in this court or in any other court, that we have been able to find, has this proposition been applied and recovery of the land by an assignee allowed.

The trust in favor of the assignee, under the decisions of our court, goes only to the extent that the assignor can not dispose of the legal title so as to defeat the lien of the assigned note. Russell v. Kirkbride, 62 Texas, 455. It has also been held that, after the assignment of the notes, although they may be barred by the statute of limitation, the original vendor may assign his superior legal title to the holder of the note or notes, who being assignee of the notes and of the legal title, may, in case the statute of limitation is pleaded, recover the land the same as the vendor could in case he retained the notes. White v. Cole, 87 Texas, 500.

This court has held that the assignee of a note given for the purchase money of land, the lien being expressly retained, acquires no interest in the land, and, upon the failure of the vendee to pay, or even when he pleads the statute of limitation against the note, can not recover the land unless he has acquired the legal title. Stephens v. Mathews, 69 Texas, 341. In the case last cited, Judge Stayton, in the following clear and emphatic terms, announces this doctrine: "It is true that the assignee of a note secured by lien may enforce the lien, but it has never been held that the holder of a note given for the purchase of land and secured by an express lien, he not being the vendor, has any title whatever to the land, and the fact that the note is barred by limitation can not confer upon such a holder a right he would not have if the note was not barred.

"The indorsee or assignee of such a note, when barred by limitation, has neither a right in nor to the land for which it was given, nor a right to collect the note, if its maker interposes the plea of limitation. His right in such case is gone.

"The vendor of land sold on a credit, where an express lien is reserved, is held to retain the legal title, and he may enforce payment of the purchase money by a sale of the land under decree; or, in the absence of equitable consideration forbidding it, he may cancel the executory contract of sale; but an indorsee or assignee of one or all the purchase money notes has no right to cancel the contract of sale or to recover the land in default of payment of the purchase money. His sole right is to have the land sold and its proceeds applied to the satisfaction of the purchase money notes held by him; and if he fails to do this before the notes are barred, like the holder of any other lien, his right will be gone if the maker of the note relies upon the bar of limitation. The vendor of land by an executory contract, being the holder of a legal title, is not confined to one remedy, as is a person to whom he may transfer purchase money notes, and he may cancel the contract of sale and recover the land, although the purchase money notes may be barred by limitation; but this results from the fact that he has never ceased to hold the superior title to the land."

If the assignee acquires no interest in the land, then it can not be true that the original vendor holds the legal title in trust in the sense

that the assignee can enforce that title for his own benefit; because, if the assignor is trustee and the assignee is beneficiary, the latter must have an interest in the thing to which the trust relates. If he has no interest in the subject to which the legal title attaches, he is not the beneficiary of a trust embracing that subject. Under our system, the beneficiary in a trust may enforce his right by a direct action in his own name, especially if the trustee should refuse to act, but in this character of case it has been uniformly held that the assignee of a vendor's lien note can not recover the land under any circumstances.

We have examined this question with a great deal of care and find two cases which seem to sustain the right asserted by the plaintiff in this case: Cummins v. Oglesby, 50 Miss., 153; Church v. Smith, 39 Wis., 492. It is unnecessary for us to review these cases at length, but sufficient to say that in the first case the court held that a vendor who had assigned a purchase money note and thereafter disposed of the legal title to an innocent party so as to deprive his assignee of the benefit of the lien would be held responsible for the amount of the assigned note. This case really rests upon the proposition that the assignor had appropriated the security and should be made to account for it. The Wisconsin court held that the assignee of such a note might make the vendee and the vendor of the land defendants and have what it terms a strict foreclosure of the vendee's right of redemption. This is based upon the similarity of the right asserted to that of the assignee of a mortgage at common law giving to the assignee of the vendor's lien the same right that the assignor would have in a strict foreclosure of a mortgage; but, in our State, a mortgage is an incident to the debt and does not carry with it the legal title. The doctrine applied by the court of Wisconsin is not applicable here because of the dissimilarity of the rights of parties under a mortgage under the law of that State and under the law of this State.

The Wisconsin case was in fact disposed of upon the same principle as that cited from Mississippi. In the former the original vendor holding all notes except the one, sued and obtained strict foreclosure against the vendee, the assignee of the outstanding note not being party. The court held that the vendor held the land recovered in trust for his assignee of the other note. A strict foreclosure canceled the debt, if effective against the assignee, and he was entitled to proportionate part of the land. The cases are not inconsistent with Boothe v. Fiest, 80 Texas, 140.

The counsel for appellees vigorously attack the doctrine that the express retention of a lien in the deed or note for the purchase money makes the deed executory. The rule has been too long established and has become the basis of too many property rights for the courts to overturn it. It is a rule to which persons may conform and with which the profession are familiar. The Legislature must deal with this question, if it is to be changed.