### ROSS et al. v. BAILEY.†

(Court of Civil Appeals of Texas. El Paso. Jan. 18, 1912. Rehearing Denied Jan. 31, 1912.)

1. VENDOR AND PURCHASER (§ 93*)—RESCISSION OF CONTRACT—NONPAYMENT OF PURCHASE MONEY—WHO MAY RESCIND.

Only the holder of the superior legal title, reserved in a deed to secure vendor's lien notes for the purchase price, can rescind for default in payment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 93.*]

2. VENDOR AND PURCHASER (§ 261*)—RIGHTS OF VENDOR—OWNERSHIP OF LEGAL TITLE—TRANSFER OF NOTES.

A vendor who expressly reserves a lien to pay purchase-money notes, who assigns the notes without transferring the legal title, holds it thereafter in trust for the assignee and the vendee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674-695; Dec. Dig. § 261.*]

3. VENDOR AND PURCHASER (§ 285*)—VENDOR'S LIEN—FORECLOSURE DECREE—OPERATION AND EFFECT.

The grantee of lands, whose vendor reserved a vendor's lien for the purchase price, sold part of the lands, taking vendor's lien notes in her turn for the price, and subsequently assigned the notes, which were never paid. The original vendor released his lien on the part of the lands reconveyed, and subsequently obtained a, decree foreclosing the lien *reserved in his deed* on all the lands conveyed by him; the original purchaser being the only defendant. *Held* that, even if the decree were broad enough in terms to include the lands covered by the reconveyance, it would be void as to the grantee in that deed, because he was not a party to the suit, and because, as to his land, the lien had been expressly released.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 285.*]

4. VENDOR AND PURCHASER (§ 286*)—VENDOR'S LIEN—FORECLOSURE DECREE—ENFORCEMENT.

Where a grantee of lands, subject to a vendor's lien for the purchase price, in turn conveys part of the lands, taking vendor's lien notes for the price, and subsequently transfers the notes without conveying the superior title, which she retained to secure them, the naked legal title, which she holds for the benefit of the assignee of the notes and her grantee, is not subject to be sold on execution against her to enforce a decree foreclosing the original grantor's vendor's lien in a suit against the first purchaser only, even though the original grantor is the holder of the vendor's lien notes taken on the second sale; the foreclosure decree not being based thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 286.*]

Error to District Court, Harris County; W. P. Hamblen, Judge.

Action by J. O. Ross and others against Edward H. Bailey. Judgment for defendant, and plaintiffs bring error. Affirmed.

Baker, Botts, Parker & Garwood, for plaintiffs in error. Edward H. Bailey, pro se.

HIGGINS, J. On August 15, 1893, J. H. Burnett conveyed to Mrs. Corra Bacon Foster 3,328 acres of land out of the William Vince grant in Harris county, expressly retaining in the deed a vendor's lien to secure the payment of three purchase-money notes, each for the sum of $14,666.66, payable to the order of said Burnett. On August 27, 1894, said Foster conveyed to John E. Roberts the south half of lot No. 4 in block No. 28, in town of Pasadena; the same being a portion of the property conveyed to her by Burnett. In part payment, Roberts executed three purchase-money notes, payable to the order of Foster, in sum of $100 each, due on or before the 1st day of September in the years 1896, 1897, and 1898, respectively, and to secure their payment a vendor's lien was expressly reserved in the deed of conveyance. On September 29, 1894, Burnett released to Roberts the property described in the last-mentioned deed from the lien which was retained by him in the deed to Foster, dated August 15, 1893. On August 31, 1894, Fos-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

ter assigned to Burnett, by simple indorsement, the Roberts notes.

On March 11, 1896, in the district court of Galveston county, in case of J. H. Burnett v. Corra Bacon Foster, a judgment was rendered in favor of plaintiff against the defendant for the sum of $57,752.35, due on purchase-money notes of Foster referred to in the deed from Burnett to Foster, dated August 15, 1893. A judgment was also entered against the defendant, Foster, foreclosing the lien as it existed on August 15, 1893, on the property described in the deed from Burnett to Foster, and the clerk was directed to issue order of sale against the property described in the judgment.

By deed dated December 11, 1896, for a consideration of $500, and in pursuance of said order of sale, the sheriff of Harris county conveyed to Burnett the land upon which judgment of foreclosure was entered in the above-mentioned cause, the deed reciting that it was made by virtue of the order of sale issued in said cause, levy made on March 15, 1896, sale on the first Tuesday in May, 1896, after due notice to Foster, and the same conveyed to Burnett all the right, title, interest, and claim which the defendant, Foster, had in said premises on March 11, 1896, or at any time since.

J. H. Burnett died in 1901, and by the terms of his will whatever interest he may have had in the property in controversy passed to his daughter, Ellen B. Ross. Ellen B. Ross and her husband, J. O. Ross, were appointed independent executrix and independent executor of the estate, and this suit is by them, in their individual and representative capacities aforesaid, and involves the land out of the Vince grant which was conveyed by Foster to Roberts by deed, dated August 27, 1894, above mentioned. On October 2, 1907, Foster assigned and conveyed to C. R. Munger the three vendor's lien notes for $100 each, executed by Roberts to her, above described, together with the vendor's lien and superior title in the land, which was conveyed by her to Roberts by said deed, dated August 27, 1894. On February 7, 1908, Roberts conveyed to Munger, and on February 20, 1908, Munger and wife conveyed to defendant in error, the property in controversy; the same being said south half of lot 4, in block 28, in Pasadena.

The Roberts notes were never paid, and on May 9, 1908, plaintiffs in error filed suit against Roberts and defendant in error to recover the amount due thereon and for foreclosure of vendor's lien upon the property in controversy, in which suit limitation was pleaded by the defendants, and plaintiff thereupon dismissed the suit, and thereafter, on September 23, 1909, this suit in trespass to try title was filed against the defendant in error, Bailey. The case was tried before the court without a jury, resulting in judgment for defendant, from which this appeal is prosecuted.

Plaintiffs in error, in addition to their record title, claim title under the five-year statute of limitation, their ancestor, Burnett, having taken possession of the property by tenant in 1899; but under the testimony the court was warranted in finding against them upon the issue of limitation, particularly the sufficiency of the possession to support the statute, and this adverse finding cannot be revised, and the merits of the case must be tested by the record title.

[1] The notes given by Roberts to Mrs. Foster having become barred by limitation, the plaintiffs' rights, if any, were limited to a rescission of the executory contract for the sale of the land which was evidenced by the deed from Mrs. Foster to Roberts, and in order to assert this right they must hold the superior legal title reserved in the deed. Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027; Stephens v. Mathews, 69 Tex. 341, 6 S. W. 567. Therefore the vital issue in the case is: Did the superior legal title retained by Mrs. Foster in her deed to Roberts, securing payment of the purchase-money notes which were assigned to Burnett, pass to Burnett under the judgment rendered in the district court of Galveston county, the order of sale, levy, and sheriff's deed thereunder?

[2-4] The owner of land who in his deed expressly reserves a lien to secure payment of purchase-money notes, and who afterwards assigns the notes without transfer of the legal title, has no beneficial interest in the land, and holds the legal title in trust for the assignee of the notes and the vendee of the land. Hamblen v. Folts, 70 Tex. 132, 7 S. W. 834; Russell v. Kirkbride, 62 Tex. 455; Catlin v. Bennatt, 47 Tex. 165. The decree of foreclosure upon its face shows that the lien foreclosed was the lien reserved in the deed from Burnett to Foster, dated August 15, 1893, and the same, as it existed upon that date, was foreclosed. Therefore, while the decree embraced the land in controversy, yet by its terms Burnett merely foreclosed his superior title, reserved in his deed to Mrs. Foster, as it existed on August 15, 1893, and no more. Had the foreclosure decree been sufficiently broad and comprehensive to have included within its terms the superior legal title held by Mrs. Foster to the land in controversy, yet, so far as Roberts was concerned, it would have been void and inoperative, because he was not a party to that suit, and for the further reason that Burnett had expressly released the Roberts land from the lien which he was foreclosing by his release, dated September 29, 1894. It is unnecessary to cite authority to the effect that a judgment is not binding upon any one not a party thereto; and if it be that the foreclosure decree should be construed as foreclosing upon all of the title of Mrs. Foster in the land of every kind and character, yet she was holding the bare legal title to the Roberts land in trust for

Roberts, and as against Roberts the legal title of his trustee could not be divested in a suit to which he was not a party. It is urged, however, that the sheriff's deed passed this superior legal title in Mrs. Foster under the rule in execution sales, which will pass all right and title of the execution debtor, at the time of sale, in the property sold, even though it may have been acquired by the debtor between the date of levy of the writ and the sale; and if the Foster superior legal title to the Roberts land passed by the sheriff's deed, we think it must be held to have passed by treating the levy of the order of sale as the levy of an ordinary execution, which would reach and pass at the sale all of the right, title, and interest of the execution debtor in the land at the date of sale. But, regarding it in this light, plaintiffs in error are confronted with the insuperable objection that this interest was not such an interest as is subject to execution. Willis v. Sommerville, 3 Tex. Civ. App. 509, 22 S. W. 782; Catlin v. Bennatt, 47 Tex. 165; Puster v. Anderson, 27 Tex. Civ. App. 626, 66 S. W. 684; Brotherton v. Anderson, 27 Tex. Civ. App. 587, 66 S. W. 682; Freeman on Executions (2d Ed.) pars. 173 and 181.

Plaintiffs in error concede that such an interest is not subject to execution by a mere judgment creditor of the vendor, but insist that Burnett was not a mere judgment creditor, because he was the owner of the Roberts vendor's lien notes, and because the execution and order of sale and sheriff's deed thereunder were based upon a judicial decree. This decree, however, was in no wise based upon the Roberts notes, and had no reference whatever to the lien upon the land in controversy, which existed to secure their payment; and the order of sale, so far as its levy affected the Roberts land, and the sale thereof and sheriff's deed thereunder, must be treated and regarded as an ordinary execution in favor of a mere judgment creditor, levied upon the bare legal title of a vendor in an executory contract for the sale of land who had parted with all beneficial interest in the land by transferring the purchase-money notes given by the vendee. Such being the case, the legal title to the land in controversy then vested in Mrs. Foster was not subject to execution, and did not pass to Burnett by the levy, sale, and sheriff's deed relied upon by plaintiffs in error.

The judgment is affirmed.