## STANSBERRY v. BOOGHERY et al.

(Court of Civil Appeals of Texas. Texarkana. May 29, 1913.)

1. VENDOR AND PURCHASER (§ 265*)—VENDOR'S LIEN—RENEWAL OF LIEN.

The renewal of a debt due from a real estate purchaser to the assignee of notes for the price secured by a vendor's lien operates as a renewal of the lien, but the renewal cannot affect the rights of a third person accruing prior to the renewal and while the original debt and lien were barred by limitations.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700–712; Dec. Dig. § 265.*]

2. VENDOR AND PURCHASER (§ 265*) — TITLE OF VENDOR — CONVEYANCE BY VENDOR TO ASSIGNEE OF PURCHASE-MONEY NOTES.

Though a vendor's lien note is barred by limitations, a subsequent transfer by the vendor of the legal title to the assignee of the note is valid, and the assignee takes title superior to that of the purchaser, but the bringing of a suit on the debt and obtaining of a decree of foreclosure of the vendor's lien concludes any assertion of the superior title remaining in the vendor while the purchase money is unpaid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700–712; Dec. Dig. § 265.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by W. E. Stansberry against Banks Booghery and another, in which J. B. Atkins, receiver of the W. F. Taylor Company, intervened. From a judgment for defendants and intervener, plaintiff appeals. Reversed and rendered.

The appellant brought the suit against Banks Booghery and W. M. Bell in trespass to try title to 31½ acres of land of the Mary Richardson headright survey in Harrison county. J. B. Atkins, receiver of W. F. Taylor Company, Limited, intervened, claiming an interest in the land as against the plaintiff and, pleading ownership in fee simple, asked title to be decreed in him. After hearing the evidence the court peremptorily instructed a verdict for the defendants. Judgment was entered against the plaintiff and in favor of intervener and defendants on their pleadings. The parties have treated W. F. Yates and his wife, S. E. Yates, as the common source of title. The evidence is admittedly without conflict or dispute. On October 13, 1902, W. M. Hightower and

Richard Hightower purchased from W. F. Yates and his wife, S. E. Yates, three tracts of land of the Ashland and Richardson surveys in Harrison county, aggregating 231 acres. The land in suit is a part of one of these tracts. The deed executed by Yates and wife recited a consideration of $3,000, evidenced by two notes, one for $1,000 and the other for $2,000. The note for $2,000 was dated the same day as the deed and was due one day after date. Said deed and notes expressly retained a vendor's lien upon the land to secure the payment of the same. The note for $1,000 was duly paid. The note for $2,000 recited in the deed was later transferred by indorsement by Yates to Gill, and by Gill to W. F. Taylor Company, Limited. The deed was not filed for record until February 1, 1911. This note was not paid by the Hightowers, and it became barred by limitation of four years on October 14, 1906. On March 1, 1907, after the note was barred by limitation, W. M. Hightower renewed the same in writing. Thereafter, on February 20, 1908, W. F. Taylor Company, Limited, instituted suit upon the said note against W. M. Hightower and wife and Richard Hightower to foreclose the vendor's lien on the 231 acres of land; and on November 18, 1910, a judgment by agreement was entered, by the terms of which W. F. Taylor Company, Limited, recovered of the Hightowers $3,960, being the principal, interest, and attorney's fees called for in the note at that time, and foreclosed the vendor's lien upon the 231 acres of land which the Hightowers had bought from Yates and of which the 31½ acres in controversy is a part. To carry out the agreed judgment W. M. Hightower and wife and Richard Hightower on February 20, 1911, executed a conveyance to W. F. Taylor Company, Limited, to 130.54 acres of the 231 acres of land described in the deed from Yates to the Hightowers, and W. F. Taylor Company, Limited, conveyed to them (Hightower and wife) the remaining 100 acres of the land. These deeds were in consideration of the full settlement and in satisfaction of the judgment foreclosing the vendor's lien on the land. J. B. Atkins, receiver of W. F. Taylor Company, Limited, executed a deed to appellee Booghery on April 8, 1911, to the 130.54 acres of land. This deed was filed for record. The consideration for the deed was three vendor's lien notes, which appellee Bell purchased. It was proven that Atkins was properly qualified and acting as receiver of the W. F. Taylor Company, Limited. This is the title that the appellee Booghery relies upon.

Intervener introduced in evidence and relied for title upon a transfer by W. F. Yates to himself, dated March 13, 1912, and acknowledged September 9, 1912, of the superior title to the 231 acres of land conveyed by Yates and wife to the Hightowers and upon which the vendor's lien was retained to secure payment of the two notes.

It was proven by appellant that after the $2,000 note held by the W. F. Taylor Company, Limited, was barred by limitation of four years, and before its renewal on March 1, 1907, the Goodbar Company, a corporation, instituted suit and recovered a judgment in the district court jointly and severally against W. M. Hightower and Richard Hightower on account of merchandise. An abstract of this judgment was made on February 16, 1907, and filed and properly recorded in the county clerk's office on same date. The filing and recording of his abstract was prior to the renewal of the $2,000 note held by W. F. Taylor Company, Limited. The abstract of the judgment was made out and was recorded and indexed in the county clerk's office in due form and all requirements of law. Execution was issued upon the judgment and levied upon certain personalty and on the 231 acres of land purchased by the Hightowers from Yates; and the land was sold by the sheriff, who executed a deed therefor to the Goodbar Company on June 4, 1907. The sheriff's deed was filed for record June 6, 1907. On September 28, 1907, the Goodbar Company filed a suit of trespass to try title and for partition against W. M. Hightower and his wife and Richard Hightower, alleging that W. M. Hightower and wife owned a homestead interest in the 231 acres of land. On October 8, 1907, the defendants W. M. Hightower and his wife answered claiming specific parts of the 231 acres of land as a homestead. It does not appear that any judgment was entered in this suit, but it is explained that all the parties to the suit agreed on a settlement and executed deeds to carry out the agreement. It appears that it was agreed that the Hightowers were to have 200 acres of the land as a homestead, and the Goodbar Company was to have a specific tract of 31½ acres, which latter is the land in controversy here. On February 17, 1908, W. M. Hightower and his wife, Mattie, and Richard Hightower executed a deed to the Goodbar Company to the 31½ acres of land in controversy. This deed was filed for record March 18, 1908. On September 23, 1908, the Goodbar Company for a money consideration, executed a warranty deed to appellant W. E. Stansberry to the 31½ acres of land in suit. The deed was filed for record September 24, 1908. This is the title that appellant relies upon. On February 11, 1909, the defendant Booghery rented the land in controversy from appellant, and in 1910 he again rented it from appellant; but when he received the deed from J. B. Atkins, receiver, he repudiated the claim of appellant and claimed the land as his own.

A. G. Carter and P. M. Young, both of Marshall, for appellant. Beard & Davidson, of Marshall, for appellees.

LEVY, J. (after stating the facts as above). [1] By the first and second assignments of error appellant makes the contention that under the evidence he was entitled to have judgment for the land sued for, and the court erred in directing a verdict against him. The facts are undisputed, and the rights of the parties are made to depend purely upon a matter of law. All the parties claim through and under the conveyance from W. F. Yates and wife to W. M. and Richard Hightower. This deed expressly retained a vendor's lien on the land to secure the payment of the purchase-money note. The W. F. Taylor Company, Limited, became the assignee of the purchase-money note, and, while such note was in the hands of the said assignee unpaid, the debt became barred by limitation of four years. While the original debt was barred by four years' limitation, Goodbar & Co., appellant's vendor, obtained a judgment jointly and severally against the Hightowers and fixed a judgment lien on the premises in suit. The Hightowers, as seen in the evidence before set out, conveyed to Goodbar & Co. the said premises. After the Goodbar & Co. judgment lien had attached, W. M. Hightower undertook a renewal of the debt to W. F. Taylor Company, Limited. Subsequently W. F. Taylor Company, Limited, instituted suit upon the renewal note against the Hightowers and prayed for foreclosure of the vendor's lien on the land purchased by the Hightowers from Yates. The subsequent renewal of the debt by the Hightowers to W. F. Taylor Company, Limited, the assignee of the note, would, as between them, operate as a renewal of the lien given to secure it originally, but, by reason of the specially pleaded and proven statute of limitations in bar of the assignee's asserted lien, such renewal could not affect the rights of Goodbar & Co. which accrued prior to the renewal and during the time the original debt and the lien were barred by limitation. Cason v. Chambers, 62 Tex. 305. This rule of law being well established, and limitation being pleaded and successfully proven by appellant, it would follow that the appellant's right in and to the particular land in suit would be superior to appellees by reason of the vendor's lien. And the controlling question, and the only one remaining, is whether or not the defendants and the intervener, who appeared to defend title for his vendee, have shown superior right to recover the land in suit by reason of the transfer by Yates to intervener of the superior title by virtue of the deed of Yates to the Hightowers.

[2] It is not doubted, as contended for by appellees, that it is a general rule that, though the note be barred by limitation, the later transfer of the legal title to the assignee of such note is valid, and the assignee takes title superior to that of the original vendee. White v. Cole, 87 Tex. 500, 29 S. W. 759; Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 879; Anderson v. Silliman, 92 Tex. 560, 50 S. W. 576; Atteberry v. Burnett, 102 Tex. 118, 113 S. W. 526. But we further understand that it is equally well settled that bringing suit on the debt and obtaining a decree of foreclosure of the vendor's lien concludes any assertion of the superior title remaining in the vendor while the purchase money is unpaid. Van Roeder v. Robson, 20 Tex. 754; Bartley v. Harris, 70 Tex. 182, 7 S. W. 798; Gardener v. Griffith, 93 Tex. 358, 55 S. W. 314. See Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027. Hence the principle sought to be applied by appellees could not obtain in the facts here. The evidence here conclusively establishes that W. F. Taylor Company, Limited, the assignee of the vendor's lien note, brought suit on the debt and obtained a foreclosure of the vendor's lien. And the evidence further shows that deeds passed between the W. F. Taylor Company, Limited, and the Hightowers in consideration of the full settlement and satisfaction of the judgment, foreclosing the vendor's lien on the land. It was after this suit was brought by appellant for the land in controversy that the receiver of the W. F. Taylor Company, Limited, undertook to procure from Yates a transfer of the superior title remaining in him as vendor while the purchase money is unpaid. Under the authority above mentioned the obtaining a decree of foreclosure of the vendor's lien by the assignee concluded any assertion of the superior title remaining in the vendor Yates while the purchase money is unpaid and therefore appellees could legally predicate no claim on such instrument against appellant.

The court erred in instructing a verdict against appellant and the judgment is therefore reversed and here rendered for appellant with all costs.