## WILLIAMS v. STATE.
### No. 2538.

Court of Civil Appeals of Texas.
Tenth District.

Dec. 30, 1943.

Rehearing Denied Jan. 27, 1944.

J. L. Gammon, G. Goodwin Sweatt, and R. F. Chapman, all of Waxahachie, for appellant.

Gerald C. Mann, Atty. Gen., Richard H. Cocke, Geo. W. Barcus and Eugene N. Catlett, Assts. to Atty. Gen., for appellee.

HALE, Justice.

Pursuant to legislative authority granted to her in 1937, Mrs. Fannie Williams instituted this suit on February 24, 1938, against the State of Texas and its Highway Commission to recover damages on account of injuries to Block 28-A, Williams Addition to the City of Waxahachie, by reason of the construction and maintenance of State Highway No. 6 over and across such property.

On January 3, 1924, Rush Williams, son of plaintiff, conveyed 52½ acres of land in the suburbs of Waxahachie to Laswell and Harbin for $5,000 cash and five notes aggregating $40,000, the last note of the series being for $10,000, being due January 1, 1928, specifically retaining therein a vendor's lien, and reciting that grantees were to subdivide the property into blocks and lots, re-sell the same to members of the public and apply 75% of the re-sale price on the unpaid original vendor's lien notes. Rush Williams died testate in Harris County on September 10, 1925, where his will was later admitted to probate. During the latter part of 1925 the State began the construction of Highway No. 6 across a corner of said Block 28-A, using approximately .03 of an acre for that purpose. On January 3, 1927, Laswell conveyed his interest in the unsold portion of the 52½ acres to Harbin. Plaintiff and Mrs. Zella Seale, the surviving widow of Rush Williams, being the sole and only devisees and legatees under the latter's will, entered into a written agreement on October 26, 1927, settling and distributing the estate, by the terms of which plaintiff was to receive, among other things, "the unpaid Laswell and Harbin note for Ten Thousand Dollars." Thereafter, on January 16, 1928, the Probate Court of Harris County entered its order approving the settlement agreement, the final report of the executor based thereon, and granted the petition of the executor to be discharged from his trust. On September 1, 1931, Harbin conveyed a part of the 52½ acres to Hillcrest Development Company. On December 29, 1931, Harbin and Hillcrest Development Company entered into a written extension agreement with plaintiff, by the terms of which they agreed to renew and extend the unpaid balance of the Laswell and Harbin $10,000 note and the liens securing the payment thereof to January 1, 1934. Thereafter, on January 5, 1935, Harbin and Hillcrest Development

Company conveyed to plaintiff a part of the 52½ acres in consideration of $10 and "the cancellation of the original executory contract."

The case was tried before a jury in November, 1942. Upon the conclusion of the testimony defendants moved for an instructed verdict upon the grounds, among others, that the undisputed evidence showed plaintiff was not the owner of said land or any interest therein at the time of the construction of Highway No. 6, and if she was such owner, then she thereafter released any claim she might have had for such damages under action on her part which constituted an accord and satisfaction. The court overruled the motion of the defendants and submitted the case to the jury on special issues, in response to which the jury found in substance that the market value of the strip of ground taken by the State for highway purposes was $500 at the time it was taken; that the resulting damage to the remainder of said Block 28-A not so taken was $500; that on January 5, 1935, the amount due plaintiff on her note was $179.16 in excess of the market value of the land conveyed to her by Harbin and others; and that Harbin and others were not insolvent at the time of such conveyance. Plaintiff filed her motion to set aside the verdict and, subject thereto, her motion for judgment in her favor for $1000 non obstante veredicto. Defendants filed their motion for judgment in their favor on the verdict and on the grounds set forth in their motion for a peremptory instruction. The court overruled the motions of plaintiff, granted the motion of defendants and rendered judgment that plaintiff take nothing, to all of which she duly excepted and from which judgment she has appealed.

Plaintiff contends the judgment of the trial court should be reversed and here rendered for her because the court erred in concluding that the deed of conveyance from Harbin and others to her dated January 5, 1935, constituted a cancellation of her debt, thereby leaving her no right of action for the recovery of the value of the land taken or the damage to the remainder thereof, as found by the jury. She also says the court erred in submitting the issue of insolvency as to Harbin and others at the time they conveyed the property to her and in refusing to set such finding aside because such finding was unsupported by the evidence. On the other hand, defendants

say the judgment should be affirmed because, among other reasons, plaintiff accepted a vendor's lien note secured by a lien on the 52½ acres without having received a transfer of the superior title, and therefore she had no right to recover the land or to have a rescission of the original deed from her son to Laswell and Harbin; having accepted a deed on January 5, 1935, from the then owners of a portion of the 52½ acres in consideration of the cancellation of the original executory contract, the note which plaintiff held thereby became fully paid and discharged and all liens on said land were thereby released; since the conveyance from Rush Williams to Laswell and Harbin expressly provided that the 52½ acres were to be subdivided into blocks and lots and sold, the grantor in such conveyance thereby waived and released all interest he had in and to the streets and alleys that might be embraced in the subdivision as made; and since Laswell and Harbin had subdivided the land and permitted defendants to construct Highway No. 6 as one of the main streets through and across said subdivision, they thereby became estopped from claiming any damages to said subdivision, and all subsequent purchasers from them or their assigns, including plaintiff, were likewise estopped to claim such damages.

As we view the record in this case, the contentions of plaintiff with respect to a non-merger of the superior equitable title as evidenced by the original vendor's lien with the legal title which she acquired under the conveyance from Harbin and others on January 5, 1935, and the finding of the jury as to the solvency of the grantors therein at the time of such conveyance, become immaterial if in fact the plaintiff never became the legal holder or owner of the superior title evidenced by the original vendor's lien.

In the settlement agreement between plaintiff and Mrs. Seale, dated October 27, 1927, it was provided that "each of the parties hereto hereby agree and bind themselves to give such receipts, releases, and acquittances, deeds of conveyance and bills of sale, as may be necessary to execute the above described settlement of said estate." However, there was no other provision in the settlement agreement or in the order of the Probate Court approving the same which in any manner tended to obligate the executor or Mrs. Seale to transfer to plaintiff the superior title reserved in the original

deed of conveyance from Rush Williams to Laswell and Harbin. The executor, who was a brother of plaintiff, testified that he asked the lawyer in Houston, who was handling the Williams estate, whether he should execute and deliver to plaintiff a written transfer of the $10,000 note under the settlement agreement, and the lawyer advised him such was not necessary and that Mrs. Seale would not execute such transfer; that he did not execute any instrument transferring the note to plaintiff and he had not endorsed the note, although he was personally willing at the time of trial to endorse such note or to make any transfer or conveyance of the same that may be necessary; that he acted as agent for his sister in negotiating the extension agreement with Harbin and others dated December 29, 1931, and the deed from Harbin and others to her dated January 5, 1935, and that his sister, plaintiff, was not in physical condition to come to court.

▆▆▆ While plaintiff became the equitable holder and owner of the $10,000 note under the settlement agreement and order of the Probate Court of Harris County approving same, we do not think, under the undisputed evidence in this case, her ownership of the note, without an assignment or transfer in writing of the superior title, gave her such interest in the land as to enable her to rescind the original deed of conveyance from Rush Williams to Laswell and Harbin and thereby recover the legal title to the land therein conveyed. Her remedy for default in the payment of her note was restricted, under the circumstances, to a suit upon the note with a judicial foreclosure of the lien securing payment thereof. Stephens v. Matthews' Heirs, 69 Tex. 341, 6 S.W. 567; Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S.W. 1027; Ross v. Bailey, Tex.Civ. App., 143 S.W. 961, error refused. Having renewed and extended the indebtedness and lien on December 29, 1931, and having accepted the deed dated January 5, 1935, in cancellation of the indebtedness evidenced by her note with knowledge as to the location and maintenance of Highway No. 6, we are of the opinion that plaintiff was not thereafter entitled to assert any cause of action against defendants for the damages herein sought because her claim for such damages, if any she ever had, was satis-

fied and discharged by the acquisition of the land thus conveyed to her, regardless of the value of the land conveyed or the amount of the debt thereby extinguished. Carey v. Starr, 93 Tex. 508, 56 S.W. 324. In any event, the maximum amount of plaintiff's recovery, under the findings of the jury, would have been the sum of $179.-16. Carroll v. Edmondson, Tex.Com.App., 41 S.W.2d 64; American Nat. Ins. Co. v. City of Port Arthur, Tex.Civ.App. 62 S.W. 2d 256. She did not ask judgment in her favor for that amount.

▆▆▆ Furthermore, the evidence shows that Laswell and Harbin did subdivide the 52½ acres conveyed to them into blocks and lots, caused a number of streets in the subdivision to be paved, and sold some of the lots thus platted, as they had a right to do under the express provisions contained in their deed. Therefore, when plaintiff accepted the $10,000 Laswell and Harbin note in the settlement agreement and when she accepted the deed from Harbin and others under date of January 5, 1935, in consideration of the cancellation of the indebtedness evidenced by her note, she took such note, lien and land subject to the continued right of the public to use the streets actually existing on the ground or designated on the map of the subdivision. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 113 S.W. 1167; McLennan County v. Taylor, Tex.Civ.App., 96 S.W.2d 997, point 1, error dismissed, and authorities; Duggan v. Buckner, Tex.Civ. App., 155 S.W.2d 661, point 3, error refused, and authorities. Hence, the injuries herein complained of were and are necessarily permanent in nature, and the entire damages resulting therefrom accrued to the owner of the land at the time when the injuries were inflicted and the damages sustained. Plaintiff did not own any interest in the land at that time and any interest which she might have subsequently acquired in said Block 28-A, if any, would not entitle her to recover the damages accruing to her predecessor in title for such permanent injuries. Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d 561.

Being of the opinion there was no reversible error in the judgment appealed from, the same is accordingly affirmed.