**Jose S. HINOJOSA, County Clerk of Starr County, Petitioner,**

v.

**George H. EDGERTON et al., Respondents.**

**No. B–1022.**

Supreme Court of Texas.

Jan. 15, 1969.

On Rehearing March 5, 1969.

F. R. Nye, Jr., Rio Grande City, Luther E. Jones, Jr., Corpus Christi, for petitioner.

Rankin, Kern, Martinez & Van Wie, H. H. Rankin, Jr., and Stonewall Van Wie, III, McAllen, for respondents.

STEAKLEY, Justice.

George H. Edgerton, et al., Respondents, instituted this suit seeking an order of the court declaring that forty-five instruments accepted and filed by Jose S. Hinojosa, County Clerk of Starr County, Petitioner, were not subject to recordation and that the action of the County Clerk in accepting and filing the instruments was void and of no effect; Respondents further sought judicial relief ordering the instruments stricken from the official records of the county. The instruments in question consisted of marriage records of Camargo, Republic of Mexico, together with affidavits of family history there executed; also, instruments relaing to title to unspecified land located in Camargo and in Texas, the conveyances being by Mexican deed recorded in Mexico. The instruments are in the Spanish language, and it is undisputed that they were not properly authenticated and hence not subject to being admitted to record in Texas under the requirements of Articles 6625a and 6626.[1] All the instruments except one were filed and recorded by Petitioner in 1957. This suit was instituted in 1964.

The trial court overruled Petitioner's plea that Respondents' suit was barred by the four-year statute of limitations, Article 5529, and thereafter granted Respondents' motion for summary judgment and rendered judgment ordering Petitioner to "delete, remove and strike" each of the instruments from the record "wherein the same is recorded so that henceforth there will be no record of any of the said above described instruments recorded in any place or any official record in the office of the County Clerk of Starr County, Texas, * * *." The Court of Civil Appeals affirmed the action of the trial court in overruling Petitioner's plea of limitations [429 S.W.2d 636], and this is

---

1. All references are to the statutes as they appear in Vernon's Annotated Texas Civil Statutes.

the sole problem brought to us for review. No question is presented as to when the statute of limitations commenced to run; as stated by the Court of Civil Appeals, citing Gulf Coast Investment Corp. v. Lawyers Surety Corp., 416 S.W.2d 779 (Tex. Sup.1967), Respondents made no attempt to establish when they discovered the wrongful admission of the instruments to record. Additionally, no question is raised as to the right of Respondents to bring the suit or to the power of the court to grant the relief sought; nor is there any claim that Respondents' suit is cast as a suit invoking the aid of equity to quiet title by removing a cloud therefrom. See State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950 (1932).

The Court of Civil Appeals was of the view that application of Article 5529 [2] to Respondents' suit would "restrict and limit the period provided for in Article 3726," the pertinent provisions of which are:

"Every instrument of writing which is permitted or required by law to be recorded in the office of the Clerk of the County Court, and which has been, or hereafter may be, so recorded, after being proved or acknowledged in the manner provided by the laws of this State in force at the time of its registration, or at the time it was proved or acknowledged; or every instrument which has been, or hereafter may be actually recorded for a period of ten (10) years in the book used by said Clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this State, without the necessity of proving its execution; provided, no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten (10) years; * * *." [3]

Article 3726 prescribes a rule of evidence applicable to instruments actually recorded for ten years whether or not proved or acknowledged as required by the laws of this State, and hence whether or not entitled to be recorded. See Holland v. Votaw, 103 Tex. 534, 131 S.W. 406 (1910), and Frede v. Lauderdale, 322 S.W.2d 379 (Tex.Civ.App.1959, writ ref., n. r. e.). The statute does not purport to prescribe a period of limitations within which a suit must be brought for corrective action against the act of a Clerk of the County Court in wrongfully admitting instruments to record. The ten-year period established by Articles 3726 and 3726b governs the admissibility in evidence of a recorded instrument without the necessity of proof of execution, and the running of such period may be interrupted by the assertion of claims adverse or inconsistent to the claim *evidenced by the instrument* itself. The suit of Respondents was directed against the act of the County Clerk in accepting and recording the instruments and the relief sought would operate directly thereon by striking the instruments from the official records of the county. Such an order of the court would no doubt render Article 3726 inapplicable; but the fact remains that the suit of Respondents is one for which no period of limitation is prescribed by Article 3726, or by other statutes, and it is accordingly governed by Article 5529, which establishes a four-year period of limitation in such instances. Cf. Eckert v. Wendel, 120 Tex. 618, 40 S.W. 2d 796 (1931), and Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S.W. 1027 (1900).

The judgments below are reversed and judgment is rendered that Respondents take nothing by their suit.

McGEE, J., not sitting.

---

2. "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

3. The provisions of Article 3726b are substantially the same in the respects here involved.

ON MOTION FOR REHEARING

STEAKLEY, Justice.

■ Respondents in their motion for rehearing call our attention to the fact that Petitioner did not file a motion for summary judgment and the record afforded no basis for the rendition of judgment for Petitioner. We agree. Our judgment rendered on January 15, 1969, is accordingly set aside.

The Motion for Rehearing is granted. The judgments below are reversed and the cause is remanded to the trial court.

McGEE, J., not participating.

SMITH, Justice (dissenting).

The dissenting opinion delivered on January 15, 1969, is withdrawn, and the following is substituted therefor:

This suit from Starr County presents a rather unusual state of facts. The County Clerk of Starr County, Jose S. Hinojosa, is the petitioner here. The petitioner and the respondents have a partition suit pending. It is alleged that the petitioner has caused to be recorded in the official records of the County Clerk's Office numerous instruments in violation of the recording statutes of Texas. I have been unable to find in the record a denial of the trial court's finding that the instruments were recorded in violation of law. The only defense raised by the petitioner is that this suit is barred by the four-year statute of limitations, Article 5529.

The Court's holding amounts to no more than an assist to petitioner in his effort to give validity to the instruments by recordation only for the ten-year period provided in Article 3726, Vernon's Annotated Texas Civil Statutes. It is true that the statute does not purport to prescribe a period of limitations. However, it was incumbent upon the respondents to seek a declaratory judgment before the expiration of the ten-year period mentioned in the statute; otherwise, wholly invalid instruments would, under the statute, be admitted as evidence without proof of their execution. To prevent the force of the statute, the respondents must take some judicial action prior to the expiration of the ten-year period or establish that they did not discover the wrongful admission of the instruments to record until after the expiration of the statutory ten-year period.

This is not a suit in trespass to try title or to remove the cloud on the title to land. We simply have a situation where instruments not subject to record have been illegally recorded. The respondents correctly pursued the only course open to them in filing their petition for declaratory judgment. The Court has given the statutes involved a meaning which was never intended. It is clear from the language of Articles 3726 and 3726b that the Legislature intended to give litigants, such as the respondents, the right, for a period of ten years and not just for a period of four years, to complain in regard to the recordability of an instrument. Respondents do not contend that Articles 3726 and 3726b are statutes of limitation, however, they do contend, and I agree, that there is no basis for the Court's holding that suits brought regarding instruments which are not subject to recordation must be brought within four years rather than ten years. The Court, in lieu of remanding this cause to the trial court, should render its judgment that the instruments in question were illegally filed for record by the Clerk of the County Court of Starr County, Texas, thereby affirming the judgments of the trial court and the Court of Civil Appeals.